# Jones *v.* Wilson.

### Real Action in the Nature of Ejectment.

1. *Statutory separate estate of wife; mortgage of.*—Whether in any case the husband and wife can mortgage her statutory estate, is not decided; but such an incumbrance, when wholly disconnected from the transaction by which the statutory estate was acquired, if valid at all, can only be created for "articles of comfort and support of the household," &c., for which the husband would be responsible at common law; and the mere recital, in the mortgage, that the debt secured was the wife's debt for "supplies furnished," constituting "a proper claim against her separate estate," and that such "estate was bound" for it, is not evidence that the statutory estate is bound for the debt.

2. *Same; how far operates to convey husband's interest.*—A mortgage of the wife's statutory estate, made by husband and wife during coverture, and containing no words of warranty, or those which the statute (R. C. § 1584) declares shall have the effect of a covenant of warranty, will not pass the life estate, which the husband acquires in the statutory estate of the wife, on her death intestate.

APPEAL from Circuit Court of Sumter.

Tried before Hon. L. R. SMITH.

The appellant, Jones, brought his real action in the nature

of ejectment, against the appellee, Wilson, to recover a house and lot in the town of Livingston.

Appellant introduced certain deeds from James Cobb and wife, and Thomas B. Wetmore, conveying the premises to Mrs. Mary Ann Wilson, wife of the appellee, in terms which constituted them her statutory estate. He then introduced a deed of indenture, entered into between appellee and his wife of the first part, James Cobb of the second part, and Parker, Lake & Co. of the third part. This deed recites that Mrs. Wilson is justly indebted to Parker, Lake & Co., in the sum of $2,227.60, "by open account for supplies furnished at different times for a considerable period of time, which said sum constitutes a proper claim against the separate estate of said Ann," and which "the parties of the first part are desirous of securing to said parties of the third part, by a lien upon part of the separate estate of said Ann, which estate is bound for the debt;" "wherefore, in consideration of the premises, the parties of the first part do, by these presents, convey unto the party of the second part, his heirs and assigns forever," the premises sued for, "to have and to hold in trust," &c. The trust upon which the conveyance is made, is that it shall be void if the debt is paid by April 1, 1862, otherwise the trustee shall advertise, sell and convey, and satisfy the debt due Parker, Lake & Co.

The debt not having been paid, the trustee in pursuance of the power, advertised, sold and conveyed to Parker, Lake & Co. They having been adjudicated bankrupts, their assignee sold and conveyed to appellant Jones.

It was shown that Mrs. Wilson died in 1864, leaving children, and that since that time her husband and some of the children had been in possession.

The defendant moved the court to exclude plaintiff's evidence from the jury, on the ground that Cobb's deed to Mrs. Wilson showed that the premises were her statutory separate estate, and that the conveyance by Wilson and wife to Cobb as trustee was void, and passed no title against either defendant or his wife. The court sustained this motion and excluded the evidence, and plaintiff excepted. In consequence of this ruling he was forced to take a nonsuit, with leave, &c. This ruling is now assigned as error.

R. H. SMITH and THOMAS COBBS, for appellant.—The question presented by this case, is not whether the wife has the unqualified and general right to mortgage her statutory estate; but whether she has the right to substitute a mort-

[Jones v. Wilson.]

gage for a statutory lien; whether she is bound to submit to the cost and trouble of a law-suit, and stand a judicial sale, or whether she may get time and favor and escape cost by submitting to a mortgage. The cases decided in our court do not touch this question. *Bibb v. Pope*, (43 Ala.) does not deny this power. It was said in that case, that the husband and wife had no power to sell her statutory estate to pay the husband's debt, and still less had they power to mortgage for that purpose. Husband and wife certainly have power to sell her statutory estate to pay a debt for "articles of comfort and support," &c., and avoid the cost and expense of a judicial sale for that purpose. Hence they have power to mortgage for that purpose. This is so, even under the doctrine in *Bloomer v. Waldron*, (3 Hill, 361), which is a strong authority against the general doctrine that a power to sell necessarily embraces a power to mortgage.

2. If the mortgage is not good as against the wife, it is good against the husband, and the conveyance carries the right and title the husband had.—30 Ala. 335; 23 Ala. 635; 28 Ala. 339. The husband's right is acquired by marriage, a valuable consideration, and he has a *right* as distinguished from an heir-apparent's expectancy. When the wife dies, his estate becomes an estate in enjoyment, and his right, before death of the wife, is by analogy to curtesy and in lieu of it. Such a right can be mortgaged.—15 Wendell, 615; *Boykin v. Rain*, 28 Ala. 332; 30 Miss. 440. The deed to the trustee is not a quit claim; it is a conveyance by bargain and sale, and if Wilson had no title then, a subsequently acquired right vested in his grantee by operation of the doctrine of estoppel.—4 Port. 141; 5 S. & P. 426; 4 Texas; 34 Pa. 24; 42 Ala. 389.

SNEDECOR & COCKRELL, *contra.*—The trust deed to Cobb by Mrs. Wilson and her husband was inoperative.—48 Ala. 670; 45 Ala. 337. It did not convey the contingent interest of the husband upon his surviving the wife, because after-acquired interest of the grantor is not conveyed to the grantee, when there is no covenant of warranty.—R. C. § 1584; *Boykin v. Rain*, 28 Ala. 332; *Logan v. Moore*, 7 Dana, 741. A mortgage of the wife's land executed by the husband, during coverture, conveys his interest as husband and tenant by the curtesy, *only* when his interest has vested, upon birth of issue, as tenant by curtesy *initiate.*—Coke on Littleton, 30 "B"; Roper on Husband and Wife, Law Library, pp. 12–29; 28 Ala. 332. Under the Code, the husband,

except as statutory trustee, has no more interest in the wife's·
statutory estate, than a prospective heir has in the property
of his ancestor during the ancestor's life.

These enactments displace the common law rule. Upon
the wife's death, the husband takes her realty by the laws of·
descent, upon condition she die intestate.

MANNING, J.—The property in controversy in this suit
—a house and lot—were of the statutory separate estate of
the wife of appellee Wilson, defendant in the court below.
By a mortgage trust deed made by the two in 1861, it was
conveyed to a trustee, with power to sell it to pay a debt of·
over $2,200, alleged in the deed to be due from Mrs. Wilson
to Parker, Lake & Co., "for supplies furnished" by them,
and as constituting a proper claim against her separate
estate. She died intestate in 1864, leaving children and
her husband surviving: and in December, 1866, the prop-
erty was sold by the trustee, and bid off by Parker, Lake &
Co. They having afterwards become bankrupt, their interest
in it was sold by their assignee in bankruptcy, and bought
by appellant, who brought his suit for the premises in the
Circuit Court, against the surviving husband, Wilson.

At the trial, plaintiff introduced and proved the deeds
showing title in Mrs. Wilson; the mortgage-trust-deed of·
her and her husband, the sale and conveyance under it to
Parker, Lake & Co., their bankruptcy, and the sale and
conveyance by their assignee under the bankrupt law, to·
plaintiff; the death of Mrs. Wilson; the possession of ap-
pellee, with his children; and the value of such occupation.·
Upon this evidence, appellant rested his right to recover.

The law securing to married women what is called their
statutory separate estate, does not make them capable of·
dealing in respect to it as if they were discovert. Both the
management of such property by the husband as trustee,·
and the mode in which it may be sold by the husband and
wife jointly for investment, &c., are prescribed by statute.
Except for "articles of comfort and support of the house-·
hold, suitable to the degree and condition in life of the
family, and for which the husband would be responsible at
common law"—if, without authority from him, they were·
in case of need furnished to his family—no contract can be·
made, which will create a charge upon the wife's statutory
separate estate. Whether, in any case, a mortgage executed·
by her and her husband of such property, would be valid,
we need not now inquire. Certainly such an incumbrance·

on property previously belonging to her, if not arising out of or connected with the contract or transaction by which the property was acquired, could not be created, unless for "articles of comfort and support" of the kind above specified. Even for them, if they were not when purchased by the husband, used in the family, this separate estate of the wife would not be liable.—*Mitchell v. Dillard & Jones*, (this term.)

Now, there is no evidence in this record that the trust-deed under which appellant claims, was executed to secure payment of a sum due for any such articles. True, it is recited in it that the debt it provided for was the wife's debt, and that it was created for "supplies furnished;" but it does not say that these supplies were "articles of comfort and support of the household, suitable to the degree and condition in life of the family." True, also, it is recited that the debt constituted "a proper claim against the separate estate of said Ann," and that it was "bound for said debt." But whether this was so or not, is a question of law, dependent upon the facts; and sufficient facts are not shown either by the contents of the mortgage, or by evidence outside of it, to establish any such claim. Hence, it is not made to appear that the deed was operative as a mortgage of the wife's estate and title, if it were possible for her to create such an incumbrance, under an enactment which so far as it provides for a conveyance of her statutory separate estate, is held to be an enabling act.

But, it is insisted that if the trust deed did not convey the wife's estate in the premises, it was effectual to transfer the interest and right of the husband; and that he being now by the death of his wife intestate, owner of the property during his life, (according to section 2379 of R. C.), and in possession, plaintiff is entitled to recover and have it from him. To support which claim, it is further insisted that the husband's estate is, in substance, that of a tenant by curtesy, of which his possession under the statute, during his wife's life, may be regarded as an extension backward to and beyond the time when the mortgage-trust-deed was made.

This can not be admitted. The main object of the statute law under consideration, was to abolish the marital rights conferred by the common law on the husband in the property of the wife, and to make him instead a somewhat privileged trustee of it as her separate estate. During her life the estate and title are in her. The interest in it which is

cast by the law on the husband upon the death of his wife intestate, is like the estate by curtesy only in the particulars that it is in real property that belonged to the wife, and is a life-estate. It had before her death, nothing of the certainty of the estate of a tenant by curtesy. It did not vest during her life. It might have been prevented by her from ever vesting; and it was contingent on the husband's not being removed from the trusteeship, as well as on the wife's dying without leaving a will disposing of the property.—§§ 2378, 2379. In fact, it was a mere expectancy, like that of an heir-apparent during the life of the person whose estate he might inherit, and like it, is not conveyed by a deed made during the life-time of the owner from whom it is expected to come.

Nor does the trust-deed of Wilson and wife, through which appellant claims, operate by way of estoppel against Wilson. It contains no warranty of title, nor either of the words, "grant, bargain, sell," which the statute declares shall have the effect of such a covenant.—R. C. § 1584. The only operative word is "convey." The instrument, therefore, creates no bar to Wilson's assertion of a subsequently acquired title in the land which it purported to convey.

Let the judgment of the Circuit Court be affirmed.