BROWN *v.* WHITE, Assignee.[*]

*(Circuit Court, N. D. Alabama.* October, 1881.)

1. BILL OF REVIEW.

The bill, answer, replication, and proceedings in original cause, are proper subject-matter for revision in a bill of review; but *proceedings* to be reviewed do not include the evidence.

*Whitney* v. *Bank U. S.* 13 Pet. 6.

2. BANKRUPTCY JURISDICTION—REV. ST. § 4979.

Under section 4979 of the Revised Statutes, the circuit courts of the United States have concurrent jurisdiction with the district courts of all suits at law or in equity brought by an assignee in bankruptcy against any person claiming an adverse interest, or by any such person against an assignee touching any property or rights of the bankrupt transferable to or vested in such assignee.

3. SAME—ACT OF JUNE 22, 1874.

The act of June 22, 1874, does not affect the jurisdiction of the circuit courts of the United States, said act being directed against the jurisdiction of the state courts in matters affecting the bankrupt, or his estate.

4. AMENDMENTS—TWENTY-NINTH EQUITY RULE.

Whether it was proper to allow, after replication and decree, under the twenty-ninth equity rule, on five days' notice, an amendment claiming rents and profits on another tract of land than that embraced in the original bill, *doubted.*

5. BILL OF REVIEW.

No party to a decree can, by the general principles of equity, claim the reversal of a decree upon a bill of review, unless he has been aggrieved by it, whatever may have been his rights to insist upon the error at the original hearing or on an appeal.

On Demurrer to Bill of Review.

*Brandon & Jones,* for complainants.

*Cotaniss & Ward* and *D. P. Lewis,* for defendants.

PARDEE, J. The facts of the case as they are set forth in the bill are too complicated and numerous to recapitulate. There can be no question that the bill, answer, replication, and proceedings in the original cause are proper subject-matter for revision in a bill of review. Story, Eq. Pl. (8th Ed.) § 407, and authorities there cited. But *proceedings* to be reviewed do not include the evidence. *Whiting* v. *Bank U. S.* 13 Pet. 6. Therefore, so far as the bill in this case assigns errors in the original case arising out of alleged erroneous conclusions of the court from the evidence in the case, the demurrer is certainly well taken.

The errors of law alleged by the bill of review to be apparent on the face of the proceedings in the cause sought to be reviewed, are

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

as follows: (1) Want of jurisdiction in the court; (2) that the decrees in the case do not pass upon and decide the question of limitation of two years, set up in the original answer; (3) that the complainant in the original bill was allowed, after replication filed and first decree rendered, and master's report filed, to amend his bill without notice, and without delay given to answer the amendment.

The question of jurisdiction is settled by section 4979, Rev. St., which gives the circuit courts of the United States concurrent jurisdiction with the district courts of all suits at law or in equity brought by an assignee in bankruptcy against any person claiming an adverse interest, or by any such person against an assignee touching any property or rights of the bankrupt transferable to or vested in such assignee.

The act of June 22, 1874, does not affect the jurisdiction of the circuit courts of the United States, said act being directed against the jurisdiction of the state courts in matters affecting the bankrupt or his estate.

Therefore it is not necessary to consider the point argued, as to whether the court in considering a bill of review is bound to notice a want of jurisdiction in the court as to the proceedings in the original cause.

As to the second error alleged—the failure of the court in the original cause to pass upon the limitation of two years pleaded in bar of the action—a good deal might be said.

The original bill alleged possession of the lands in question in the complainant. The answer denied possession by the complainant, alleging possession to be in the respondent, and pleading that the complainant was barred by the statutes of limitation of two years.

Both decrees rendered in the case were adverse to the then respondent, now complainant, in the bill of review. Whether the statute pleaded was a bar, was a matter to be ascertained from the evidence before rendering decree. It would seem that in such a case the question ought to be considered, or decided and disposed of by the decree, although not therein formally recited. The fact is that in the decree rendered no issue is recited as passed upon,—not even the question of fraud, which was the main ground of the action.

The third error assigned is still more serious. The record shows an amendment allowed after replication and decree, on five days' notice, claiming rents and profit on another tract of land than that embraced in the original bill, waving answer and service, and a final

decree rendered three days after, charging defendants with rents on such additional tract.

The letter of the twenty-ninth equity rule was probably followed, but it requires a good deal of stretching to make it cover the amendments allowed in the cause sought to be reviewed.

If this were all the case I should have some trouble to sustain the demurrer filed herein. But an inspection of the bill of review shows that neither of the decrees, nor any of the proceedings in the original cause, have really prejudiced the defendant therein, or damaged him to the extent he ought to have been condemned.

The bill of review shows that while in the original proceedings the complainant claimed under a deed from a married woman, conveying her statutory separate estate, to which deed the husband was no party, the decree rendered did not decree the deed void, but adjudged it a mortgage in favor of complainant for a large sum, and gave the assignee in bankruptcy of the husband, who had been adjudged the real owner by the state chancery court, a right to redeem.

Now, counsel on both sides concede in their briefs, in fact urge, that said deed was absolutely void, in which case complainant here had no title whatever. The authorities cited fully sustain this position, if that could be considered doubtful law which is conceded by both sides to the controversy. See *Ellett* v. *Wade*, 47 Ala. 456; *Coleman* v. *Smith*, 55 Ala. 368; *Weil* v. *Pope*, 53 Ala. 585; *Jones* v. *Wilson*, 57 Ala. 122; *Conner* v. *Williams*, Id. 131. See, also, 63 Ala. 561. From this it is perfectly clear that the proceedings which complainant seeks to have reviewed and reversed have not aggrieved him.

In the case of *Whiting* v. *Bank U. S.* 13 Pet. 6, the supreme court of the United States decides that "no party to a decree can, by the general principles of equity, claim the reversal of a decree upon a bill of review, unless he has been aggrieved by it, whatever may have been his right to insist upon the error at the original hearing or on an appeal."

As by the decrees rendered complainant recovers a sum of money, when it is apparent the overshadowing error in the proceedings, if any exist, was in not condemning him at least to receive nothing, he cannot be heard to demand a review. It is in his power now, without troubling the court, to do substantial equity in the premises, by declining to receive the six or seven hundred dollars awaiting him, and donating it to the creditors of Gardner, bankrupt, who have the most right to complain.

The statement in complainant's brief, in relation to the assignment by the assignee to Newman of rights to the 67-acre tract, referred to in the master's report, and amendments allowed to the original bill, and the litigation pending in relation to such tract in the state courts, is matter outside of the bill in review, and of course can cut no figure in this case.

Let the demurrer be sustained, with costs.