# Parker *v.* Marks.

*Bill in Equity to charge Equitable Estate of Married Woman.*

1. *Conveyance in fee; title afterwards acquired.*—When a person conveys in fee, with warranty of title, having only a partial interest, and afterwards acquires the outstanding title, it enures at once to his grantee, as of the date of the original conveyance, in the absence of any intervening equity.

2. *Charging equitable estate of married woman.*—A promissory note, or other contract of a married woman owning an equitable estate, is presumptively a charge on that estate, but only to the extent of the property or interest therein then owned by her; yet, where her property is held under a deed with covenants of warranty, which purports to convey an absolute estate in fee simple, while the fee is in fact outstanding in a third person, and afterwards passes to her on its acquisition by her vendor, such after-acquired interest is equally bound by her contracts.

3. *Same; property partly paid for with funds of statutory estate; when cross-bill is unnecessary.*—If the property sought to be charged is held by the wife under a deed which purports to create in her an equitable estate, but part of the purchase-money was in fact paid with funds belonging to her statutory estate, to the extent of the money so paid the property can not be subjected to the payment of her contracts; and this defense may be set up by answer, without filing a cross-bill.

4. *Property purchased by married woman after removal of disabilities.* When a married woman, whose disabilities have been removed (Code,

[Parker v. Marks.]

§ 2731), borrows money, giving a mortgage on her property to secure its payment, the money does not belong to her statutory estate; and if she invests it in lands, taking the title to herself, she holds it as an equitable separate estate, which is chargeable with her debts.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. S. K. MCSPADDEN.

The bill in this case was filed on the 9th July, 1886, by Sylvian Marks, against Mrs. Thomasina R. Parker and her husband, James Parker; and sought to subject Mrs. Parker's interest in a certain house and lot in the city of Montgomery, alleged to be held by her as an equitable separate estate, to the payment of three promissory notes executed by her, of which the complainant claimed to be the owner and holder by indorsement. Each of the notes was for $184.25, was dated Montgomery, October 8th, 1880, and payable, respectively, on the 31st October, 30th November, and 31st December, 1880, to the order of Schloss & Kohn, by whom they were indorsed, without recourse, to the complainant.

The house and lot was conveyed to Mrs. Parker, by A. M. Kennedy and wife, by deed dated June 7th, 1879, on the recited consideration of $1,400; the *habendum* clause being to her, "her heirs and assigns, to her sole and separate use, free from the debts and contracts of her present, or any future husband, in fee simple, forever;" and the deed contained full covenants of warranty. The property was conveyed to said Kennedy, in October, 1875, by Mrs. Edna Norris and her husband; but this deed is not set out in the record. Mrs. Norris held the property under the will of her grandfather, Thompson Watkins, who died in 1843; and by the provisions of his will the property was conveyed to trustees, for the use and benefit of the said Edna and the heirs of her body, "and in case of her death without heirs of her body, then the said estate to revert to James F. Watkins and his heirs, in fee simple, forever." Mrs. Norris died, at what time the record does not state, except that it was before the filing of the bill in this case; and she left no children or descendants. After her death, Mrs. Rebecca Forniss, who was the sole surviving child and heir at law of said James F. Watkins, conveyed the property, by deed dated November 13th, 1885, to W. C. Jackson, her husband joining with her; and said Jackson, by deed dated December 26th, 1885, conveyed to said A. M. Kennedy. The deed from Jackson to Kennedy is not set out in the record; but it was admitted that it was executed on valuable consideration, and that "$100 of the purchase-money was contributed by Mrs. T. R. Parker." It was admitted, also, that the

deed from Kennedy to Mrs. Parker was not recorded until May 27th, 1886. On the 29th May, 1886, Mrs. Parker and her husband conveyed the property by mortgage to Jesse Hooper, and he was made a defendant to the bill; but he made no defense, the validity and priority of his mortgage not being contested.

An answer to the bill was filed by Mrs. Parker, denying that she had any estate in the property which could be subjected to the payment of the notes; alleging that the purchase-money was paid with funds belonging to her statutory estate, which she had no power to charge, and which she never intended to convert into an equitable estate, being ignorant of the meaning and effect of the words used in the deed from Kennedy; that the only interest she had in the property, at the time the notes were executed, was an estate for the life of Mrs. Edna Norris, which had terminated before the bill was filed, and that she afterwards acquired the fee by purchase from the remainder-man. An answer was also filed by James Parker, alleging that the property was his wife's statutory estate, and that he had never renounced his statutory rights in and to it, nor consented to its conversion into an equitable estate.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, holding that the notes "are a charge on the lands described in the bill, belonging to Mrs. Parker," and ordering an account to be stated by the register. The chancellor's decree is now assigned as error.

DAVID T. BLAKEY, for the appellant, cited *Loeb v. McCullough*, 78 Ala. 533; *Coleman v. Smith*, 55 Ala. 369; *Hardin v. Darwin & Pulley*, 77 Ala. 473; *Patterson v. Kicker*, 72 Ala. 406; *Prout v. Hoge*, 57 Ala. 32; *Wortham v. Gurley*, 75 Ala. 356; *Harris v. Harris*, 71 Ala. 356; *Lehman v. Meyer*, 67 Ala. 396; *Lee v. Lee*, 77 Ala. 412; *Wing v. Roswald*, 74 Ala. 346; *Kennon v. Dibble*, 75 Ala. 354.

ARRINGTON & GRAHAM, *contra*.—(1.) The execution of the promissory notes, which the bill seeks to collect, shows an intention on the part of the maker to create a charge on the lands in controversy.—*Louisville Coffin Co. v. Stokes*, 78 Ala. 372; *Bradford v. Greenway*, 17 Ala. 797; *Dobbin v. Hubbard*, 17 Ark. 189, or 65 Amer. Dec. 425. (2.) At the time Mrs. Parker executed these notes, she held under a deed which purported to convey an absolute estate in fee simple, and there is no proof that she then had any knowledge of the outstanding contingent remainder. If it is to

[Parker v. Marks.]

be presumed that she intended to bind only the interest which she had in the land, it must be remembered that she had—1st, a deed which purported to convey the fee; 2d, a warranty which gave recourse on her vendor, if she should be ousted; and, 3d, a deed which would convey to her the outstanding remainder, if acquired by her vendor. (3.) That the outstanding remainder, when acquired by her vendor, enured to her benefit, see *Chapman v. Abrams*, 61 Ala. 108; *Nolen v. Gwyn*, 16 Ala. 725; I Brick. Dig. 537. (4.) The deed from Kennedy created an equitable estate, which she could charge by her contracts.—*Campbell v. Lowe*, 9 Md. 500; 66 Amer, Dec. 339. If any of the purchase-money. was afterwards paid with funds belonging to her statutory estate, that could not change the character of her estate under the deed. At most, she could only ask to have the land sold, and these moneys reimbursed to her out of the proceeds of sale; and this relief could only be had under a cross-bill.

SOMERVILLE, J.—The deed of June the seventh, 1879, from Kennedy and wife to Mrs. Parker, the appellant, is admitted on its face to create in her an equitable separate estate. It is a warranty deed, and was clearly intended, as it purports, to create a fee-simple estate in the grantee.

It is contended for the appellee, that the notes executed by Mrs. Parker on October the eighth, 1880, were intended to charge the fee-simple title, or entire property, which the deed purported to convey, and which she then claimed to own, and evidently believed she owned; and that this intention can not be limited to the interest actually conveyed to her by Kennedy, which seems to have been only an estate *pur autre vie*. The contention of Mrs. Parker's counsel, on the other hand, is, that she intended only to charge this life-estate in the lands, and not the remainder in fee, which Kennedy afterwards acquired from Jackson, and conveyed to her in obedience to the obligation imposed by his warranty.

It is true, as a general rule, that a debt contracted by a married woman will be regarded as evidencing an intention on her part to charge only such property as she owned at the time when the contract of indebtedness was made, and not after-acquired property. The debt being void as a personal liability, the presumption is, that she intended to charge her equitable separate estate, because her promise would otherwise be a vain and nugatory act. A court of equity, accordingly, by resort to a proceeding analogous to one *in rem*, lays hold of her separate estate as the only

means by which the agreement may be satisfied, the promise to pay being presumed as intended to have reference to such property by necessary implication.

Our opinion is, that, in this case, the intention must be implied to charge the entire fee of the land. The deed from Kennedy, executed in June, 1879, purported to convey such a fee. Mrs. Parker was in possession under this conveyance, and claimed to hold such fee. There is nothing from which we can infer that she then had any reason to doubt the validity of her title. The deed, moreover, contained a warranty, so that, when Kennedy acquired the remainder, it vested *eo instanti* in Mrs. Parker as grantee. There being no intervening equity, this may be made to relate back to the time when the conveyance was executed, which was prior to the date of the notes in controversy. We hold that she intended, under this state of facts, to charge the property, as far as she lawfully could do, not merely her defective title to it, which could be made to appear only by facts extrinsic to the deed under which she held, and of which, as we have said, she does not appear at the time to have been cognizant. It would be a profitless task, for courts to undertake, under these circumstances, to enter upon an investigation of the alleged defects of the debtor's title, which might often be discoverable only by the very greatest diligence, and even learning, and which, in fact, the strangers interested might never discover at all. The embarrassments attendant on such a collateral investigation would be of themselves insuperable.

The intention imputed by law being thus to charge the property, and not the debtor's defective title to it, the only remaining inquiry is, how far can a court of equity lay hold of the property in order to execute such intention. The land sought to be charged, as we have said, is, on the face of the conveyance, an equitable separate estate—made so by the express terms of the instrument. Presumptively, therefore, it is *in toto* chargeable for the debt. But a portion of the purchase-money which was paid for the land, is shown to have been the *statutory* separate estate of Mrs. Parker, which she had no power to charge or incumber for her debts, like the one in controversy. The case of *Loeb v. McCullough*, 78 Ala. 533, is an authority for the proposition, that she had no right to convert her statutory separate estate into an equitable estate, so as to confer on her the power to charge it in the manner attempted. To this extent, a court of equity will decline to subject the property to the payment of the debt. The burden is on Mrs. Parker to overcome the presumption, raised by the deed, that the

entire property is her equitable estate. This she has only partially done. We have examined the testimony with care, and do not feel justified in drawing the conclusion that more than eight hundred, out of the fourteen hundred dollars of the purchase-money paid for the land, or *four-sevenths* of the whole, is satisfactorily shown to have constituted any portion of her statutory separate estate. The five hundred dollars borrowed by her from Hill, and secured by mortgage, did not possess the properties of a statutory estate, for the reason that the mortgage was executed under the authority of the power conferred on her by statute, after the removal of her disabilities of coverture, which made her for certain purposes a *femme sole.* The execution of this power operated to remove the husband from his statutory trusteeship, *pro hac vice.* The money borrowed was under her exclusive control, and the husband had no power of management over it. As to it, she had all the powers of a *femme sole*, and its investment in the land impressed the fund with the characteristic features of an equitable separate estate.—Code, 1876, § 2718; *Robinson v. Walker,* 81 Ala. 404; s. c., 1 So. Rep. 347; *Parker v. Roswald,* 78 Ala. 526; *Bell v. Locke,* 57 Ala. 242.

The remainder of the property, or three-sevenths of the whole, we adjudge to be chargeable with the notes executed by Mrs. Parker, as described in the bill of complaint.

The chancellor erred in decreeing the entire equity of redemption to be chargeable. No cross-bill, in our opinion, was needed to enable this defense to be asserted. The decree will be, accordingly, reversed, and a decree will be rendered in this court, adjudging the complainant entitled to the relief sought, and subjecting to the payment of said debt three-sevenths of said property—being so much of it as may be deemed the equitable estate of Mrs. Parker. The entire equity of redemption in the property will be sold by the register, under the directions of the chancellor, subject to the superior lien of the mortgage of the defendant Hooper, which shall remain unimpaired; and out of the proceeds shall be paid the costs of executing this decree, and of this suit in the court below; and from the balance of the fund the complainant shall be paid three-sevenths, and the defendant Parker four-sevenths, provided the amount paid to the complainant shall not exceed the principal and interest of the debt claimed to be due. The appellee will be taxed with the costs of this appeal.

Reversed and rendered.