[Jordan & Sons v. Smith.]

## Jordan & Sons *v.* Smith.

| 83 | 299 |
|-----|-----|
| 102 | 472 |
| 83 | 299 |
| 103 | 573 |

*Action against Husband and Wife, for Necessaries.*

1. *Actions against separate estate of married woman; new statute not retroactive.*—The statute approved February 28th, 1887, entitled "An act to define the rights and liabilities of husband and wife" (Code of 1886, §§ 2341-56), while establishing an entirely new system, does not retroact upon suits pending at the date of its approval, to enforce statutory liabilities created before that time; the former remedies in such cases being expressly preserved by statute (*Ib.* § 10), as well as by the constitutional provision against laws destroying or impairing the remedy for the enforcement of contracts.

2. *Conveyance by husband declaring trust for wife; nature of her estate.* A deed executed by the husband, by which, after reciting his receipt of various sums of money belonging to his wife's statutory estate, and the investment thereof in property in his own name, without expressing the trust in her favor, then ' declares the said trust, and hereby establishes the same to all intents and purposes, and as fully in all respects as the said trust and separate estate are created and established in said property in her favor under said woman's law, with such rights, powers and duties in respect to the same, as are vested in him as husband and trustee under said woman's law, hereby divesting himself, his heirs and legal representatives, of all right, title, claim and interest, of, in and to said property, and vesting the same in his said wife as aforesaid under said woman's law,''—creates in the wife a statutory estate, although no legal title is vested in her.

3. *Statutory liability of wife's property for debts; equitable interests.* All property belonging to the wife's statutory estate is liable for the payment of necessary family supplies (Code, §§ 2711-12), whether held by a legal or an equitable title.

4. *Joinder of common counts with special; coverture as defense.*—In an action against husband and wife, the common counts being joined with a special count seeking to charge the wife's statutory estate with the payment of necesssary family supplies, there is no misjoinder of which the husband can complain; and the wife may protect herself against liability on the common counts by pleading her coverture, or by demurrer if the fact of coverture appears on the face of the complaint.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellants, suing as partners, against William Smith and Sarah E. Smith, who were husband and wife, but were not so described in the summons, nor in any part of the complaint except the special count. The complaint claimed $691.42, alleged to be due "by account," a like sum due "by account stated," and a like sum "for goods, wares and merchandise sold and delivered

to the defendants;" and a special count was added, which alleged that the defendants were husband and wife, that the goods sold were necessaries suitable to their condition in life, &c., and that the wife was possessed of certain lands, which she held as a statutory estate, and which were particularly described.    William Smith demurred to the complaint, on the ground of a misjoinder of counts; and the demurrer being sustained by the court, the complaint was amended, as the judgment-entry recites, "by striking out the first and second counts." Mrs. Smith pleaded her coverture in defense of the "first and second counts," and a special plea in answer to the special count, denying that the articles sold were a charge on her statutory estate, and alleging that she had only an equitable estate in the lands described in the complaint.    The judgment-entry, after reciting the amendment of the complaint, adds these words: · "And issue being joined on the plea of the general issue, and the further plea that the property mentioned in the complaint was not her statutory separate estate, thereupon came a jury," &c.

On the trial, as the bill of exceptions states, for the purpose of showing Mrs. Smith's estate in the lands sought to be charged, the plaintiff offered in evidence a deed, or instrument of writing in the form of a deed, signed by said William Smith, and attested by two witnesses, which was dated the 17th January, 1872, and duly admitted to record on the same day, on proof by one of the subscribing witnesses.    This instrument recited, that said Smith and his wife were married in this State, in 1856, she being then the widow of William Coleman, and the daughter of Joseph West; that he afterwards received, at different times, in 1856, 1857, and afterwards, "as husband and trustee of the said Sarah E., under the woman's law of Alabama then of force," from the estate of her deceased husband, her father, and a deceased uncle, various sums of money aggregating more than $8,750, and invested the same in the purchase of lands and other property, particularly described, taking the title in his own name, "without expressing the trust for the use and benefit of the said Sarah E. according to the facts and the said woman's law;" and it then proceeded: "Now, in consideration of the premises, the said William Smith (N. C.) hereby declares the facts hereinbefore recited, and also declares the said trust, and hereby establishes the same to all intents and purposes, and as fully in all respects as the said trust and separate estate

are created and established in said property, real and personal, in favor of said Sarah E., under said woman's law, with such rights, powers and duties in respect to the same, as are vested in said William Smith (N. C.), as husband and trustee aforesaid, under said woman's law; hereby divesting himself, his heirs and legal representatives, of all right, title, claim and interest, in and to said property, and vesting the same in his said wife as aforesaid under said woman's law. Witness my hand," &c. Mrs. Smith objected to the introduction of this instrument as evidence, "on the ground that it did not show, nor tend to show, that said property was her statutory separate estate." The court sustained the objection, and excluded the deed; and the plaintiffs excepted.

There was a judgment on verdict in favor of the plaintiffs, against Willliam Smith, but in favor of Mrs. Smith on the defense interposed by her. The plaintiffs appeal, and here assign as error the exclusion of the deed as evidence, and the judgment sustaining the demurrer to the complaint on the ground of misjoinder.

E. H. CABANISS, for the appellants, cited *Prout v. Hoge*, 57 Ala. 28; *Wimbish v. B. & L. Asso.*, 69 Ala. 575; *Sharp v. Sharp*, 76 Ala. 320.

NORMAN & SON, *contra*.

SOMERVILLE, J.—1. The system of laws creating and regulating married women's statutory separate estates, as existing under the Code of 1876, was entirely abrogated by the act approved February 28th, 1887, now comprised in sections 2341 to 2356 of the Code of 1886, which substitutes an entirely new system, based on entirely different principles. With this repeal of the old system, section 2711 of the Code of 1876, which declared the liability of such separate estate for certain articles of comfort and support of the household, and provided for the mode of its enforcement, was also repealed. This repeal, however, could have no effect on the right of the plaintiffs in this action, or their remedy for the enforcement of it. It can not be presumed that the General Assembly intended, in making this repeal, to violate that clause in the constitution which provides, that "there can be no law of this State impairing the obligation of contracts, by *destroying* or *impairing the remedy for their*

*enforcement.*"—Const., 1875, Art. IV, § 56; *Edwards v. Williamson*, 70 Ala. 145. The effect of this clause alone, especially when construed in connection with section 10 of the Code of 1886, as well as the same section in the Code of 1876, is to continue in force the provisions of section 2711 and 2712 of the latter Code, for the purposes of this suit, which is one to enforce against the wife's property a contract for articles of comfort and support, suitable to the degree and condition in life of the family, and was commenced January 24, 1887.—*State v. McBryde*, 76 Ala. 52; Cooley's Cons. Lim. (5th Ed.), 352; (*289.)

2. The only question seriously controverted is, whether the equitable title, created in the wife by the husband's declaration of trust, made in the instrument executed by him on January 17th, 1872, is such an estate as can be subjected to sale by a proceeding of this nature. The property in controversy was purchased with the proceeds of the wife's statutory separate estate, and the legal title taken in the husband's name. Under the authority of the rule declared in *Loeb v. McCullough*, 78 Ala. 533, it still remained her statutory separate estate, at her election, and its nature in this particular could not be changed by the form of any subsequent conveyance of the property to her. Even a direct conveyance of this property to the wife would not have transmuted it from a statutory to an equitable separate estate, although containing words which would ordinarily create the latter kind of an estate.—*Parker v. Marks*, 82 Ala. 548. The instrument which declares the trust for the benefit of the wife, however, also expressly declares, that the estate vested in her shall be one under the married woman's laws of Alabama then in force, which imports, of course, *ex vi termini*, a statutory separate estate.

3. Is the statute broad enough in terms to authorize an order of sale by judgment of the Circuit Court, subjecting an *equitable title* held by the wife, to the payment of contracts which fall within the class described by section 2711 (Code, 1876)? That the *title* is equitable, does not prevent the separate estate from being statutory; for it has often been decided that the wife may have a *statutory* separate estate in an equity, or *equitable title*, as well as in a purely legal title.—*Sharp v. Sharp*, 76 Ala. 313; *Prout v. Hoge*, 57 Ala. 28; *Parker v. Marks*, 82 Ala. 548. The statute declared, that "*all* the property of the wife," held by her in any manner, should be secured to her as her separate statu-

tory estate.—Code, 1876, § 2705. And *this* estate, as thus created, is declared by sections 2711–2712 to be one which may be condemned for the contractual liabilities described in the same sections.—Code, 1876, §§ 2711-2712. The provision made is for the condemnation of her separate statutory estate, in which, we repeat, is embraced all property owned by her, which is not her common-law equitable estate, whether the title be legal or equitable. An analogous case is found in the statutes which provide for the sale of "the real estate" of deceased persons by the Probate Court in this State. This has been held to embrace all real estate, whether the title be legal or equitable; the purchaser acquiring, of course, no better title than that of which the decedent was seized at the time of his death.—*Evans v. Matthews*, 8 Ala. 99; *Duval v. P. & M. Bank*, 10 Ala. 636. Unless this view be correct, the plaintiff would be entirely without remedy, as a court of equity would have no jurisdiction to enforce claims of this nature against the statutory separate estates of married women.—*Janney v. Buell*, 55 Ala. 408. This, in cases of doubt, is of itself persuasive to show that the legislature intended to embrace both equitable and legal titles in the comprehensive phrase, "*all property* of the wife," as used in the statute.

Our conclusion is, that equitable titles may be subjected to sale under these provisions of the Code, as well as legal titles, if the estate is statutory. For this reason, the court erred in excluding from evidence the deed offered by plaintiff to prove the wife's title to the property in controversy.

4. The two common counts, claiming on account stated and by open account, could be properly joined with the count for articles of comfort and support, for which it was sought to subject the wife's property. This is settled in *Eskridge v. Ditmars*, 51 Ala. 245, where it was observed, that "the judgment will be framed, if necessary, to meet the necessities of the case." This case, in effect, overrules *May v. Smith*, 48 Ala. 483, where the contrary view seems to have been taken. The demurrer for misjoinder of counts was improperly sustained. There would seem, on principle, to be no more objection to the joinder of counts of this nature in a complaint, than of the common counts with a special count seeking to enforce the statutory lien of a mechanic, or material-man; which has been held permissible, the plaintiff in such case being entitled to a personal judgment, although he fails to establish the lien.

*Bedsole v. Peters*, 79 Ala. 133. If the wife desired to raise any question as to her personal liability on the first two counts, she could have done so only by interposing her plea of coverture (*Hall v. Canute*, 22 Ala. 650), or, in case the fact of coverture had appeared on the face of the complaint, the objection would have been available on demurrer.—*Gibson v. Marquis*, 29 Ala, 668.

The judgment is reversed, and the cause remanded.