# Hargrave *v.* Melbourne & Troy.

*Action by Purchaser, for Breach of Agreement to Convey.*

1. *Delivery of deed to grantee; parol evidence explaining or qualifying.* The delivery of a deed, complete on its face, to the grantee himself, or to one of the grantees, is absolute, and can not be qualified or explained by parol evidence of the declarations or intentions of the parties that it was delivered only as an escrow, and was not to become operative until signed by the wife of the grantor; and the subsequent return of the instrument to the grantor, in order that he might procure his wife's signature, does not destroy its validity or effect as a deed.

2. *Conveyance of land by wrong description; after acquired title.*—A conveyance of land erroneously described by mistake, although it may pass no interest in the land described, is a valid and operative executory contract, and may be reformed in equity on proof of the mistake; and if it contains words of warranty, express and statutory, it conveys to the grantee whatever title the grantor may afterwards acquire to the land intended to be sold.

3. *Action by purchaser for breach of contract for conveyance; variance.* On a sale and conveyance of land with covenants of warranty, if by mistake the lands are misdescribed, the grantor having no title to the lands mentioned, the purchaser's remedy, if any at law, is by an action for the breach of the covenants of warranty; and he can not recover under a complaint which claims damages for a breach of the oral agreement to convey by good and sufficient deed.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by J. S. Melbourne and R. M. Troy, suing as partners, against A. J. Hargrave and C. F. Newman; and was commenced on the 2d June, 1887. The complaint contained the common count for money had and received, claiming $1,000 which the plaintiffs had paid to the defendants on the 11th December, 1886; and several special

counts, each of which claimed $1,000 as damages for the defendants' breach, as alleged, of their oral promise and agreement to sell and convey to plaintiffs, by good and sufficient deed with warranty of title, an undivided one-third interest in a small tract of land near Birmingham, which contained about two and a half acres. The defendants filed seven pleas, two of which denied any indebtedness to plaintiffs; and the others alleged, in substance, the tender of a good and sufficient deed, its refusal by the plaintiffs, and its subsequent acceptance after the commencement of this suit. Eleven replications were filed to these special pleas, to most of which demurrers were overruled; and eight rejoinders were then filed, on which issue was joined. The substance of these pleadings was, that defendants did sell to plaintiffs an undivided one-third interest in a small tract of land near Birmingham, in consideration of $1,000 in hand paid, and executed to them a deed with covenants of warranty, in which the lands were by mistake misdescribed; that this deed was delivered to Troy, one of the plaintiffs, on the day of its date, December 11th, 1886, and was returned by him, on or about the 1st January, 1887, to said A. J. Hargrave, in order that he might procure the signature and acknowledgment of his wife, who was in Nashville, Tennessee; that the land was misdescribed in this deed, and, the mistake being afterwards discovered, the deed was never returned to the plaintiffs, but another one was executed, in which the land was correctly described; that this latter deed was tendered to Troy after the commencement of this suit, but he refused to accept it, the firm of Melbourne & Troy having been dissolved; and that it was afterwards tendered to Melbourne, and by him accepted. The judgment-entry only recites that the defendants' demurrers to the plaintiffs' replications to the defendants' pleas were overruled, and that the cause was tried on issue joined, a jury having been waived by agreement of parties.

On the trial, as the bill of exceptions shows, it appeared that the contract between the parties was negotiated between R. M. Troy, on the part of the plaintiffs, and A. J. Hargrave, on the part of the defendants, and was for the sale of an undivided one-third interest in a small tract of land near Birmingham, which the defendants owned or claimed, and which was described by some of the witnesses as "near the Kansas City railroad," and by others as "within 200 yards of Enoch's Slope near Pratt Mines;" that the purchase-

money ($1,000) was paid, and a deed was delivered by Hargrave to Troy on the 11th December, 1886, the day of its date; that this deed was returned by Troy to Hargrave, two or three weeks afterwards, in order that he might procure the signature of his wife, who was in Nashville, Tennessee; that this deed was never returned or perfected, because it was discovered that Melbourne & Troy had no title to the land therein described, the land having been misdescribed in their deed from one Houston, from whom they had bought; that after the discovery of this mistake, Houston having executed a new deed, the defendants executed another deed, in which the land was correctly described, and tendered it first to Troy, and then to Melbourne, the latter accepting it after the commencement of this suit. The first deed from the defendants to the plaintiffs described the land as situated in "the north-west quarter of the north-west quarter" of a named section, while the new or corrected deed described it as lying in "the south-west quarter of the south-west quarter;" the distance between the two tracts described being about one mile. Said Troy, testifying as a witness for the plaintiffs, as to the delivery of the first deed and its return to Hargrave for the signature of his wife, used this language: "Said paper was given to me by Hargrave only as a receipt for the money paid for the land, and was not delivered as a deed, and was not accepted otherwise than as a receipt; and it was so agreed between us at the time, and it was agreed that it should not operate as a deed until completed by the signature of Mrs. Hargrave." The defendants objected to the admission of this part of the testimony of the witness, and excepted to the overruling of their objection.

On all the evidence adduced, the substance of which is above stated, the court rendered judgment for the defendants; and this judgment is now assigned as error, together with the admission of the evidence objected to.

TALIAFERRO & SMITHSON, for appellants.

MONTGOMERY & TOMLINSON, and FERGUSON & HOUGHTON, contra.

SOMERVILLE, J.—The deed of December 11th, 1886, from Hargrave & Newman, to the plaintiffs, Melbourne & Troy, is perfect on its face, and bears no evidence on the

[Hargrave v. Melbourne & Troy.]

face of the paper itself that Mrs. Hargrave, the wife of one of the grantors, was to unite in its execution. It was not competent, therefore, to prove by parol evidence, that it was delivered to Troy, one of the grantees, as an *escrow*, not to operate as a deed until it was completed by the signature of Mrs. Hargrave, or to be evidence merely of the receipt of the purchase-money of the land from the grantees. This would be a manifest infringement to the rule which forbids the admission of oral declarations of the parties, made contemporaneously with, or antecedent to the execution of a written instrument, for the purpose of contradicting its terms. The delivery, therefore, of a deed complete on its face, to the grantee, is an absolute delivery, whatever conditions may be orally annexed to qualify or postpone its operation.—*Shelby v. Tardy*, 84 Ala. 327; *Cherry v. Herring*, 83 Ala. 458; *Firemen's Ins. Co. v. McMillan*, 29 Ala. 157; Tiedeman on Real Prop. § 815.

The testimony of the witness Troy on this point, to which objection was taken, should have been excluded. The evidence shows that the deed was delivered, and became operative as an executed contract. The fact that it was returned to the grantors, to have the signature of Mrs. Hargrave attached, did not change the property in the paper. It still belonged to the grantees, and they could have maintained an action of detinue for it, upon the evidence set out in the bill of exceptions.

It is true that the deed conveyed nothing to the grantees, because of the fact that the grantors did not own the property described in the instrument, and no possession was taken under it by the grantees. This defective description did not invalidate the deed as an operative executory contract. It could be reformed in a court of equity, by correcting the mistake upon sufficient proof. And being a warranty deed, with the usual covenants of both seizin and warranty, besides containing the statutory words of warranty, "grant, bargain and sell," it would operate to convey to the grantees whatever title the grantors afterwards acquired to the misdescribed land, *eo instanti*, without a second conveyance.—*Parker v. Marks*, 82 Ala. 548; *Chapman v. Abraham*, 61 Ala. 108.

If the plaintiffs had any remedy, it was an action for breach of the grantors' covenant of seizin, and of their alleged right to convey, which is an action on the written contract evidenced by the deed.—*Anderson v. Knox*, 20 Ala. 156; *Mecklem v. Blake*, 99 Amer. Dec. 68; *Morris v. Phelps*,

18

[Harold v. Jones.]

4 *I b.* 323; *King v. Gilson,* 83 *I b.* 269; *Dickson v. Desire's Adm'r,* 66 *I b.* 661; *Baxter v. Bradbury,* 37 Amer. Dec. 49; *Westbrook v. McMillan,* 26 *I b.* 187; *Gilbert v. Bulkley,* 13 *I b.* 58; *Horsford v. Wright,* 1 *I b.* 8; Tiedeman on Real Prop., §§ 850–851; *Lamb v. Danforth,* 8 Amer. Rep. 426.

The complaint declares on the breach of an oral agreement to deliver a warranty deed, and the variance is fatal to any right of recovery, in the present form of the pleadings.

.Whether Melbourne had the authority, after the dissolution of the partnership of Melbourne & Troy, and after suit commenced, to accept the second, or corrected deed, executed by the grantors after they acquired a good title to the land, becomes an immaterial inquiry, in the view which we have taken of the case.

The City Court erred in the judgment rendered. The judgment is accordingly reversed, and a judgment will be rendered in this court dismissing the action.

Reversed and rendered.