# Ernst Brothers *v.* Hollis.

*Action against Husband and Wife, for Family Supplies.*

1.  *Joint action against husband and wife; judgment for wife on demurrer, and against husband on verdict.*—In a joint action against husband and wife, seeking to subject the wife's statutory property to the payment of a debt for necessary family supplies sold and delivered, judgment on demurrer being rendered for the wife, the plaintiff does not waive or forfeit his right to revise this judgment on appeal by taking judgment against the husband.

2.  *Actions against separate estate of married women; statute not retroactive.*—The statute now of force, defining the rights and liabilities of husband and wife (Code, §§ 2341–56), while establishing an entirely new system, does not retroact upon suits pending at the date of its approval, February 28th, 1887, to enforce statutory liabilities created before that time, nor upon causes of action then existing, on which no action had been instituted; the former remedies in such cases being expressly preserved by the general statute (Code, § 10), as well as by the constitutional provision against laws destroying or impairing the remedy for the enforcement of contracts.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Ernst Brothers, suing as partners, against John L. Hollis and his wife, Mrs. Elizabeth G. Hollis; and was commenced on the 20th August, 1887. The complaint contained two counts, each claiming $365 for goods sold and delivered by plaintiffs to defendants during the year 1885, and each seeking to subject the statutory property owned by Mrs. Hollis, on the ground that the

[Ernst Brothers v. Hollis.]

goods sold were articles of necessary family support. After the reversal of the case on the former appeal (86 Ala. 511), Mrs. Hollis withdrew her pleas, by leave of the court, and demurred to the complaint; and the court sustained her demurrer, while judgment on verdict was rendered against her husband. The appeal is sued out by the plaintiffs, and the judgment on the demurrer is the only matter assigned as error. The appellees submitted a motion to dismiss the appeal.

TAYLOE & JOHNSTON, for appellants, cited *Jordan & Sons v. Smith*, 83 Ala. 299; *Edwards v. Williamson*, 70 Ala. 145; *State v. McBride*, 76 Ala. 52; *Hart v. Ross*, 64 Ala. 96; *Gibson v. Marquis*, 29 Ala. 668; *Hall v. Cannte*, 22 Ala. 650.

GEO. W. TAYLOR, *contra.*—(1.) The right of appeal was waived by taking judgment against the husband.—*Duncan v. Hargrove*, 22 Ala. 150–61; 13 Amer. Dec. 546, note; 5 Amer. St. Rep. 466. (2.) Taking judgment against John L. Hollis, while appealing from the judgment in favor of Mrs. Hollis, is splitting up a single cause of action, which is not allowable.—22 Ala. 161. (3.) The liability of the wife's statutory estate, for necessary articles of family supply, is solely the creature of the statute, and not matter of contract; the consent of the wife is not an element of the liability, which arises by operation of law, even against her consent.—*O'Connor v. Chamberlain*, 59 Ala. 431; 3 Brick. Digest, 554–6, §§ 176, 201; *Edwards v. Williamson*, 70 Ala. 145; Jones on Liens, § 709.

CLOPTON, J.—The complaint in this action, which was brought by appellants against appellees, contains common counts, with special allegations that defendants are husband and wife; that the goods sold were articles of comfort and support of the household, suitable to the degree and condition in life of the family, for which the husband would be responsible at common law; and that the wife was possessed of a statutory separate estate, consisting of certain real estate particularly described in the complaint. Mrs. Hollis interposed a demurrer, on the ground that the act of February 28, 1887, defining the rights and liabilities of husband and wife, repealed sections 2711 and 2712 of Code, 1876, which provided the mode by which the liability of the wife's

separate estate for articles of comfort and support of the household may be enforced. The demurrer having been sustained by the court, and plaintiffs declining to plead over as to Mrs. Hollis, a final judgment was rendered discharging her, and judgment against her husband on verdict. Appellees insist, that plaintiffs waived their right to appeal, by taking judgment against the co-defendant.

The statute authorized a joint action against the husband and wife. After the demurrer of Mrs. Hollis was sustained, it was plaintiffs' right to proceed to a personal judgment against her husband. Had they suffered a non-suit, the rulings upon the pleadings could not have been revised. Code, § 3757; *Palmer v. Bice*, 28 Ala. 430. This is not splitting up a cause of action; different judgments are rendered. If the husband does not defend, judgment by default may be taken against him, and then proceed to try the liability of the wife's separate estate, when the issues are different, and different proof required. Can it be said, that in such a case the plaintiff waived his right to appeal from a judgment against him in favor of the wife, because he had taken a judgment by default against the husband? The motion to dismiss the appeal must be denied.

The act of February 28, 1887, expressly repealed sections 2711 and 2712 of Code, 1876, not only abrogating the liability, but destroying the remedy for the enforcement of liabilities previously created. The material question arises on the effect of the repealing statute. We think this case falls within the principle declared and settled in *Jordan & Sons v. Smith*, 83 Ala. 299, where it was decided that the repealing statute does not retroact upon suits pending at the date of its approval, to enforce statutory liabilities created before that time; the former remedies being reserved by the constitutional provision against laws destroying or impairing the remedy for the enforcement of contracts. It is said, there is this difference in the cases: in that, the suit was pending when the statute was passed, and in the present case, it was not commenced. We do not regard this difference as materially affecting the question. The constitutional prohibition makes no exception as to remedies not in process. It declares: "There can be no law of this State impairing the obligation of contracts by destroying or impairing the remedy for their enforcement."

It is contended, however, that the liability of the wife's separate estate does not arise from any contract of the wife,

[Allen v. Intendant and Councilmen of LaFayette.]

but is created and fixed by statute; and hence the remedy for its enforcement does not come within the protection of the Constitution. We have heretofore declared, that the liability is defined and fixed by the statute, and is not created by the contract of the wife. It rested on the contract of the husband, express or implied, to which it attached by operation of law—a security which the creditor had over and above the responsibility of the husband, when the goods were sold. The statute, which declared that the separate estate of the wife shall be liable "for all *contracts* for articles of comfort and support of the household," made it a part of the obligation, consisting of the husband's personal responsibility and the liability of the wife's separate estate. The remedy provided for its enforcement was virtually and in effect a remedy for the enforcement of a contract.—*Hawthorne v. Calef*, 2 Wall. 10. The repealing statute does not affect plaintiffs' rights, or the remedy for their enforcement.

Reversed and remanded.