REYNOLDS *v.* SHAVER.

Opinion delivered June 16, 1894.

*Quitclaim deed—Effect of covenant of warranty.*

> If a deed purports to convey the right, title and interest of the grantor to the land described, instead of conveying the land itself, a general covenant of warranty will be limited to that right or interest, and will not be broken by the enforcement

*NOTE.—The subject of judicial notice as to intoxicating liquors is examined in a note to *Lemly* v. *State*, (Miss.) 20 L. R. A. 645.   (Rep.)

of a paramount title outstanding against the grantor at the time of the conveyance.

Appeal from Randolph Circuit Court in Chancery.

JOHN B. McCALEB, Judge.

### STATEMENT BY THE COURT.

The appellant sued the appellees in equity to recover damages of them for breach of covenant in the deed of appellees' ancestor to appellant for lands described in the complaint. The deed is as follows: "James M. Shaver to Dennis Reynolds: Know all men by these presents, that we, James M. Shaver and Caroline Shaver, wife of the said James M. Shaver, for and in consideration of the sum of one thousand dollars to us in hand paid by Dennis W. Reynolds, the receipt of which is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto Dennis W. Reynolds all our right, title, claim and interest in and to the following described land, situated in the State of Arkansas and county of Randolph, bounded and described as follows, to-wit: The south west of the south east, and the north east of the south east, of section thirty-three, township twenty north, range three east of the fifth principal meridian, containing eighty acres more or less, to have and to hold forever unto the said Dennis W. Reynolds, his heirs and assigns. And we, the said James M. Shaver and Caroline Shaver, do, for ourselves and our heirs and assigns, warrant and defend the same unto the said Dennis W. Reynolds. In testimony of which we have hereunto set our hands and seals, this 28th of June, 1873. James M. Shaver, (Seal). Caroline Shaver, (Seal)." The deed was properly acknowledged and recorded.

The appellees answered; denied that their ancestor executed a warranty deed to the appellant, and denied liability on the covenants contained in the foregoing

deed, and alleged that the appellant had conveyed the lands to their ancestor by a warranty deed, and was thereby estopped from suing the appellees, and annexed the deed to their answer, which it is not necessary to set out or discuss, as we have not found it necessary to discuss the question of estoppel.

The appellant had married the widow of A. G. Kelsey, and became the administrator of his estate. The decedent left a daughter, Hattie, a minor, who married James Jones, when she was of the age of seventeen years. The land was the homestead of A. G. Kelsey at time of his death, and was the homestead of Mrs. Kelsey at the time appellant married her, and of Hattie, her minor daughter. Mrs. Kelsey died in 1869. Hattie Jones, *nee* Kelsey, brought ejectment against Reynolds, the appellant, for the lands in controversy, and a judgment was rendered against him for sixty acres of the land, and two hundred dollars for the detention thereof.

The chancellor found in the case at bar that the appellant, as administrator of A. G. Kelsey, had conveyed the land in controversy to the appellees' ancestor, and had afterwards purchased it from him, and that, by reason of his conveyance as administrator, he was estopped from maintaining an action upon the deed of appellees' ancestor to him, and that there was no equity in the bill, and dismissed the same; and the appellant seeks to reverse the decree on appeal.

*J. C. Hawthorne* for appellant.

The covenants in the deed apply to the *land* described in the deed, and not to whatever right, title and interest appellees' ancestor may have had at the time of the execution of the deed. Under our statute it is a warranty deed. Mansf. Dig. sec. 639; 8 Ark. 368; 55 Ark. 111. To construe the deed any other way would

annul the covenants, for if Shaver had no title the deed would have conveyed nothing, and the covenants would be meaningless. 11 N. H. 74; 22 Vt. 104; 23 Tex. 614; 11 How. 325; 25 Ill. 388; 4 Or. 235; 8 *id.* 259. There are cases holding otherwise, but the reasoning is not sound. *Simmons v. Cocke,* 55 Ark. 111 lays down the sound doctrine, and it is the reasonable view.

*P. H. Crenshaw* for appellees.

On its face the deed was not a general warranty deed, but nothing more than a special warranty against any right, title and interest coming through the grantor. The granting clause clearly limits the warranty to the interest granted, and does not extend to the *land.*

HUGHES, J. (after stating the facts.) The contention of the appellant is that the covenants, in the deed of Shaver and wife, Caroline, to him apply to the *land* described in the deed, and not to whatever "right, title, claim and interest" the appellees' ancestor may have had at the time of the execution of the deed, which was all that the deed, in terms of the granting clause, purports to convey. The warranty is: "And we, the said James Shaver and Caroline Shaver, do, for ourselves and our heirs and assigns, warrant and defend the same unto the said Dennis W. Reynolds." It appears, from the language in the granting part of the deed, that Shaver and wife intended to convey only their "right, title, claim and interest" in the land, and that they intended only to "warrant and defend the same." This is the legal import of their warranty ; that is, that they would warrant and defend such "right, title, claim and interest" as they had in the land at the date of their conveyance, which was all they had conveyed, The conclusion that such was their intention seems apparent from the language of the conveyance, and is strengthened by the facts that Reynolds, as administrator of the estate of

Kelsey, had conveyed this land to Shaver while it was a homestead and could not legally be sold by the administrator. The conveyance of Shaver and wife to Reynolds was, therefore, nothing more than a quitclaim deed.

In *Van Rensselaer* v. *Kearney*, 11 Howard, 322, it is said : "The general principle.is admitted that a grantor conveying by deed of bargain and sale, by way of release or quitclaim of all his right and title to a tract of land, if made in good faith and without any fraudulent representations, is not responsible for the goodness of the title beyond the covenants in his deed." *Patton* v. *Taylor*, 7 How. 159; 2 Sugden on Vendors, chap. 12, sec. 2, p. 421 ; 2 Kent's Com. 473, and other cases cited. "Where a deed purports to convey only the right, title and interest of the grantor, the scope of the covenant of warranty may be limited by the subject-matter of the conveyance." 2 Devlin on Deeds, sec. 931 and cases cited. Tiedeman on Real Property, sec. 858, says : "If a deed purports to convey in terms the right, title and interest of the grantor to the land described, instead of conveying in terms the land itself, a general covenant of warranty will be limited to that right or interest, and will not be broken by the enforcement of a paramount title outstanding against the grantor at the time of the conveyance."

Affirmed.