# Vary v. Smith, et al.

## Foreclosure of Mortgage.

(Decided June 17, 1909.　Rehearing denied June 30, 1909.
50 South. 187.)

1. *Estoppel; Property Conveyed; After Acquired Property.*—Title acquired by a grantor after conveyance enures to the benefit of the grantee where the conveyance contained a warranty, but this is not true where it is conveyed by quitclaim of the interest owned by the grantor.

2. *Same.*—Where a mortgage recites that the mortgagor bargains, sells and conveys the title the mortgagor has, but contains no express covenant of warranty, such mortgage conveys only the title that the mortgagor had at the time, and does not pass an after acquired title notwithstanding the provisions of section 3421, Code 1907.

3. *Mortgages; Title of Mortgagee; Denial by Mortgagor.*—A mortgagor as a general rule is estopped to deny the title of his mortgagee; but if the mortgage does not contain a warranty, the mortgagor may set up a subsequently acquired title.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H BENNERS.

Bill by John Vary as the assignee of the Birmingham National Bank against R. D. Smith and others to foreclose a mortgage executed by them to said land, and as-

[Vary v. Smith,. et al.]

signed to complainant. There was a decree dismissing the bill and complainant appeals. Affirmed.

A. Leo Oberdorfer, and C. E. Elder, for appellant. The mortgage has been construed as containing a statutory warranty and was not therefore, a quit claim. See former appeal in this case.—*Smith v. Vary.* The plea of discharge in bankruptcy was no answer to the foreclosure proceedings.—*Stewart v. Anderson,* 10 Ala. 504; *Carlisle v. Wilkins,* 51 Ala. 371. The proof in bankruptcy of a claim by a mortgagee without disclosing his security does not estop him from foreclosing the mortgage.—*Cook v. Farrington,* 104 Mass. 212; *Gayle v. Randall,* 71 Ala. 469. Under the facts disclosed an estoppel operated against the respondent.—Secs. 3396 and 3421, Code 1907; *Jackson v. Stephens,* 16 John 110; *Fash v. Blake,* 38 Ill. 363; *Touchard v. Crow,* 81 Am. Dec. 108; *Fairly v. Fairly,* 34 Miss. 18; *Van Rensclaer v. Kearney,* 52 U. S. 297; 13 Cyc. 655; 68 Mo. 441; *Chambers v. Ringstaff,* 69 Ala. 140; *Wilson v. Austin,* 25 South. 225; *N. E. M. Co. v. Fry,* 32 South. 57; 4 Kemp. 98. Under the mortgage all after acquired title passed to the mortgage.—*Chapman v. Abram,* 61 Ala. 108; *Jones v. Reese,* 65 Ala. 134; *Holgrave v. Melbourne,* 5 South. 285; *Pruett v. Ashford,* 90 Ala. 294.

Frank S. White & Sons, and Tillman, Grubb, Bradley & Morrow, for appellee. Only the property rights possessed by the bankrupt prior to the adjudication in bankruptcy passed to the trustee.—*Gayle v. Randall,* 71 Ala. 469. Smith could testify that he had title at the time the mortgage was executed.—*Florence L. & M. Co. v. Warren,* 91 Ala. 536. The mortgage was a quitclaim, and if Smith had no title none passed.—

[Vary v. Smith, et al.]

9 A. & E. Ency. of Law, pp. 104-5; 27 S. W. 78.; 8 N. W.
680; 56 Vt. 441; 58 Am. Dec. 575; 62 S. E. 590; 2 Dev.
on Deeds, 931; Tiedman on Real property, sec. 858; 67
Vt. 360; 112 Ill. 466.  Sec. 3421, Code 1907, has no ap-
plication.—*Gee v. Pharr,* 5 Ala. 586; *Derrick v. Brown,*
66 Ala. 162.  It being a mere quitclaim it operated no
estoppel against the mortgagor from asserting an af-
terwards acquired title.—*Bean v. Welch,* 17 Ala. 77;
*Tillotson v. Kennedy,* 5 Ala. 407; *Jones v. Wilson,* 57
Ala. 112; *Blakeslee v. Mobile I. C.,* 57 Ala. 205.

ANDERSON, J.—The bill seeks to foreclose a certain
mortgage given by R. D. Smith to the Birmingham
National Bank in the year 1893.  There is no pretense
in the pleading or proof that Smith owned the proper-
ty, now sought to be subjected to said mortgage, at the
time of the execution of same, but acquired the same
about eight years subsequent to the execution of the
said mortgage.  If the mortgage is a warranty, it would
be fed by the subsequently acquired title.—*Tillotson v.
Kennedy,* 5 Ala. 407, 39 Am. Dec. 330; *Chapman v.
Abrahams,* 61 Ala. 108; *Chambers v. Ringstaff,* 69 Ala.
140; *Parker v. Marps,* 82 Ala. 548, 3 South. 5; *Har-
grave v. Melbourne,* 86 Ala. 270, 5 South. 285; *Prewitt
v. Ashford,* 90 Ala. 294, 7 South. 831; *Olds v. Marshal,*
93 Ala. 138, 8 South. 284.  On the other hand, if it was
a mere quitclaim, and was intended to convey only the
right, title, or interest then held or owned by the mort-
gagor, it did not operate to include a subsequently ac-
quired title.

It is not contended that the mortgage is a warranty
under the common law, but that, because of the use of
the words "grant," "bargain," or "sell," it was con-
verted into a warranty under and by virtue of section
3421, Code 1907.  Said section provides that, "In all
conveyances of estates in fee, the words 'grant,' 'bar-

[Vary v. Smith, et al.]

gain,' 'sell,' or either of them, must be construed, unless it otherwise clearly appears from the conveyance, an express covenant," etc. The mortgage in question contains the words "bargain" and "sell;" but does it otherwise clearly appear from the terms of the instrument that no covenant of warranty was intended? The mortgage says: "I also bargain, sell, and convey to the Birmingham National Bank, for the purpose aforesaid, all right, title, and interest that I may have in and to the mineral land described in the deed above set forth." "The right, title, or interest that I may have" (now have) and not "that I may acquire." The right, title, or interest conveyed is confined to what the mortgagor then had, and not some future or subsequently acquired interest. The words "may have" evidently refer to a potential, and not a future, right, title, or interest. The mortgage being without express covenants of warranty, notwithstanding it contained the words "grant," "bargain," or "sell," cannot become a warranty under the statute, as it clearly appears from the instrument that it only conveyed such right, title, or interest that the mortgagor had in and to the mineral land at the time.—*Derrick v. Brown,* 66 Ala. 162; *Reynolds v. Shaver,* 59 Ark. 299, 27 S. W. 78, 43 Am. St. Rep. 36; *Wightman v. Spofford,* 56 Iowa, 145, 8 N. W. 680; *Cummins v. Dearborn,* 56 Vt. 441; *Frink v. Darst,* 14 Ill. 304, 58 Am. Dec. 575.

It is true, in the *Derrick Case supra,* the word "quitclaim," as well as the "right, title, or interest," was used; but the court emphasized the fact that the use of these last words indicated an intent to only quitclaim, notwithstanding the statutory words of warranty may have been used. In the case of *Reynolds v. Shaver, supra,* the operative words of the conveyance were that the grantor bargained and sold all right, title, claim, and interest. The word "quitclaim" was not

[Vary v. Smith, et al.]

used, and the deed also contained a clause in warranty as follows: "And do, * * * for ourselves and our heirs and assigns, warrant and defend the same." It was held that the use of the words, "right, title, claim, and interest," notwithstanding the use of the words "bargain and sell," had the legal effect of converting the instrument into a mere quitclaim, and, further, that the legal import of the warranty was to warrant and defend only such right, title, claim, and interest as the grantors had in the land at the date of the conveyance. In the case of *Jones v. Reese*, 65 Ala. 134, the statutory words were used, but nothing else appeared to limit or qualify what was being conveyed. And in the case of *Chapman v. Abrahams*, 61 Ala. 108, there not only was no qualification, but the conveyance, in addition to the statutory words "bargain, sell," etc., contained an express covenant of warranty.

As a general rule a mortgagor is estopped from denying his mortgagee's title; but when there is no warranty in the mortgage it does not preclude the mortgagor · from setting up a subsequently acquired title.— *Jones v. Wilson*, 57 Ala. 122. The question upon which the case now turns was not discussed or considered upon the former appeal, as the opinion says: "The only question insisted on in argument by counsel for appellant is that raised by the ground of demurrer which challenges the sufficiency of the description, in the bill, of the land as to which the mortgage is sought to be foreclosed."

We are of the opinion that the bill of complaint was properly dismissed, and the decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.