## CHARLESTON.

MARY D. KING v. MORTIMER W. SMITH *et als.*

Submitted March 15, 1921.    Decided March 22, 1921.

1. COVENANTS—*General Warranty Cannot Enlarge Estate Conveyed By Deed.*

   A covenant of general warranty in a deed cannot enlarge the estate thereby conveyed.

2. SAME—*General Warranty Restricted to Estate Conveyed by Deed.*

   A covenant of general warranty in a deed, which grants all of the right, title and interest of the grantor, is restricted to the estate conveyed, and does not warrant the title to the land described in the deed.    (p. 313).

3. DEEDS—*Estate Will Not Be Enlarged by Construction, Where Language Clear and Unambiguous.*

   The courts will not, by construction, enlarge the estate conveyed by a deed, where the language of the grant is clear, plain and free from ambiguity.    (p. 313).

Error to Circuit Court, Harrison County.

Action by Mary D. King, administratrix, against Mortimer W. Smith and others.    Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Elmer L. Stone,* for plaintiff in error.

*Harvey W. Harmer* and *Law & McCue,* for defendants in error.

RITZ, PRESIDENT:

This writ of error seeks reversal of a judgment of the Circuit Court of Harrison county sustaining a demurrer to plaintiff's declaration in an action of covenant.

The declaration made profert of the deed in which is contained the covenant sued upon, and after oyer of this deed was granted on motion of the defendant, a demurrer to the declaration was filed, and the same sustained. The deed, after reciting that the grantors are the heirs-at-law, with the exception of some infants, of Augustine J. Smith; that their ancestor on the 27th day of September, 1856, by a certain paper writing or title bond, bargained and sold unto the grantee Patrick King a tract of land situate in Randolph county, describing the same; that the said Augustine J. Smith departed this life in the year 1888 intestate; that no deed had ever been made to the grantee by the said Augustine J. Smith; that the purchase money had never been paid for said land, and that the said Patrick King was willing to take a deed from the grantors as heirs-at-law of the said Augustine J. Smith, and to prosecute proper proceedings to extract the title from such heirs as were infants, and to pay two dollars per acre as a consideration for said deed, proceeds to grant unto said Patrick King, with covenants of general warranty as to themselves, the grantors, their right, title and interest in and to that certain tract or parcel of land mentioned and described in the title bond aforesaid, situate in the county of Randolph; and after describing the land proceeds as follows: "the purpose and intent of this deed being to invest the party of the second part with all the right, title and interest in and to the said parcel of land that is in them as heirs-at-law of the said Augustine J. Smith." The declaration declares that King had been deprived of the possession of said land by a judicial proceeding, and his title thereto held to be invalid, for which reason he claims a breach of the covenant of general warranty contained in the deed. The defendants' contention is that the deed only conveyed such right, title and interest as they had, and that the covenant of warranty therein contained did not enlarge this grant, but was restricted in its application to the estate granted.

We are asked by the plaintiff to construe this deed as conveying the land in fee, because of the fact that the ancestor of the grantors had theretofore made a title bond to King,

and for the further reason that the covenant of general warranty is contained in the deed. That a covenant of general warranty contained in a deed will not enlarge the estate thereby granted seems to be very well settled. Such a covenant is a. restricted one and applies only to the estate granted by the deed, and does not have the effect to enlarge that estate. *Hull* v. *Hull,* 35 W. Va. 155; *Uhl* v. *Railroad Company,* 51 W. Va. 106; *Reynolds* v. *Shaver,* 59 Ark. 299, 43 Am. St. Rep. 36; *Sweet* v. *Brown,* 12 Metcalf, 175, 45 Am. Dec. 243; *White* v. *Stewart,* 131 Ga. 460, 15 Am. & Eng. Anno. Cases, 1198 and note; Maupin on Marketable Title to Real Estate, p. 340; 7 R. C. L., title "Covenants," § 57. It is clear from these authorities that the covenant of general warranty contained in a deed does not enlarge the estate thereby granted.

Nor is there any room for construction of the granting clause of this deed. It is clear and unequivocal, and grants the right, title and interest of the grantors in and to the parcel of land therein described. Not only is this true of the granting clause, but after describing the property it is again declared that the purpose and intent of the deed is to invest the party of the second part with all the right, title and interest of the grantors as heirs-at-law of Augustine J. Smith. This leaves no room for construction. It is true that it is the function of courts to determine what the parties intended by a deed or contract, but this conclusion must be arrived at from the language of the paper when it is clear and unequivocal, as it is in this case. The courts cannot arbitrarily say that the parties intended to say something by their contract or deed which the language does not import. In other words, where the language is clear and free from ambiguity there is no room for construction, and that is the case here.

There is no error in the judgment complained of, and the same is affirmed.

*Affirmed.*