# Dickinson *v.* Harris.

## *Bill to Quiet Title.*

(Decided June 9, 1908.    47 South. 78.)

1. *Corporation; Real Property; Conveyance.*—In the absence of authority from the corporation to convey, although the corporation was no longer performing its functions, a deed from persons in possession of the land is ineffectual to convey the legal title of the corporation.

2. *Quieting Title; Issues Determinable.*—Under a formal bill to quiet title the only issue to be determined is the title or claim set up by respondent in his answer as contrasted with the right or title set up by complainant in the bill.

APPEAL from Marion Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Lindon J. Dickinson against George S. Harris to quiet title. From a decree dismissing the bill, complainant appeals. Reversed and rendered.

The bill contains the usual statutory averments. By the answer it is set up that on the 25th day of October, 1891, N. A. Musgrove and others, named therein, being sole owners of said lot and in possession thereof, sold and conveyed the same by proper deed to respond George S. Harris, N. C. Bowling, J. C. Roberts, W. A. Roberts, J. C. Aiken, and R. Perry, for the sum of $250, and that said grantees immediately went into possession of said lot and held and owned the same jointly for about three years, when the said J. C. Roberts and R. Perry sold their interest to William Perry and Abner Perry, who in turn sold to one Poole, who in turn conveyed to the present complainant, L. J. Dickinson.

ALMON & ALMON, for appellant. A stockholder has no legal title to the property of a corporation.—Cook on Stocks and Stockholders, (7th Ed.) sec. 4; 10 Cyc.

373. If complainant's title is superrior to that of respondent he is entitled to relief.—*Adler v. Sullivan*, 115 Ala. 583. Neither party is entitled to any relief beyond a determination of the statuts of title as between them. —*Interstate B. & L. Assn. v. Stocks*, 124 Ala. 119. If neither party has the true title the older possession gives the better right.—*Reddick v. Long*, 124 Ala. 260.

DAVIS & FITE, for appellant. Under the bill and answer thereto the only relief could be to fix the status of the title with respect to ownership.—*Ward v. Janney*, 104 Ala. 122; *Cheney v. Nathan*, 110 Ala. 254. No adverse possession is shown.—*Stiff v. Cobb*, 120 Ala. 386; *Elyton L. Co. v. Dennis*, 108 Ala. 538; *Bynum Hewlitt*, 137 Ala. 337; *Jackson Lbr. Co. v. McCreary*, 137 Ala. 282. Under the facts in this case, the corporation had been dissolved and the stockholders were the real owners of the land.—*Noble v. Gaston L. & I. Co.* 130 Ala. 250; *Ross v. American Banana Co.* 43 South. 817; *Central L. Co. v. Sullivan*, 44 South. 644.

McCLELLAN, J.—Formal bill to quiet title under the statutes. It must be concluded, from the testimony noted, that the Winfield Farmers' Alliance, a corporation, took the legal title to the lots in question under a conveyance, executed August 23, 1890, to it from Musgrove and others, and went into possession of them; that the alleged conveyance, of date August 16, 1892, to William Perry, was ineffectual to vest the corporation's legal title in him, because, as appears from this record, of the entire want of authority from the corporation to convey these lots, and hence, so far as muniments of title are concerned, the legal title is yet in the corporation. The respondent, Harris, was and is a stockholder, not the only one, in the corporation, and was the last

elected president of it; the corporation not having performed its functions since about the date of the conveyance to Perry. The corporation is not a party to the cause, nor is the respondent, as an officer or other representative thereof, made a party thereto. Under the statute (section 809) invoked here the right, title, or claim of the respondent specified as in his answer—that is, contrasted with the right or title claimed by the complainant—is the only issue inviting determination by the court.—*Interstate B. & L. Co. v. Stocks*, 124 Ala. 109, 27 South. 506.

The answer of the respondent specified and claimed title to an undivided interest in and to the property wholly inconsistent with the before-stated corporate ownership of the lots. There was no testimony noted in the cause tending in any degree to sustain the mentioned averments of the answer. These averments made the issues determinable by the court as between the parties to the cause. The testimony convinces us that the complaint was in possession of the lots at the time the bill was filed, and, the specifications in answer of the respondent's right, title, or claim being entirely without support in the proof, we are of the opinion that the complainant's bill should not have been dismissed, but that, on the assertion of right, title, and claim made by the answer of the respondent, it should be decreed that the respondent has no right, title, or claim in or to these lots as against this complainant.

The decree appealed from is therefore reversed, and one will be here rendered in accordance with this opinion.

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.