# Hughes *v.* Rose.

### *Ejectment.*

(Decided Nov. 18, 1909.—50 South. 899.)

1. *Deeds; Recitals; Effect.*—The recitals in a deed are binding upon the parties thereto, but not upon strangers.

2. *Husband and Wife; Conveyances; Joinder of Husband.*— Where a deed recited that the grantor was a married woman, whose husband was a nonresident of this state, but did not show whether the grantor was a resident or nonresident, objection to the introduction of the deed in evidence because it showed that the grantor was a married man, was without merit, since the requirements of the joinder of the husband with the wife in a conveyance of the wife (Sec. 4494, Code 1907,) does not apply to nonresidents.

3. *Ejectment; Issue and Proof.*—Not guilty, is the only proper plea in ejectment, and any matter of defense is admissible thereunder, and where such plea is filed, a deed through which defendants claimed title was admissible although dated after the commencement of the suit.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Ejectment by Ella Hughes against T. L. Rose. Judgment for defendant, and plaintiff appeals. Affirmed.

The plaintiff was a daughter of Netta Mims, whose husband, George Mims, owned the land at the time of his death; but Ella Hughes was not George Mims' daughter. T. L. Rose claimed under a deed from Mary J. Anderson, and it was shown that Mary J. Anderson

was the child of George Mims, deceased. The deed recites that "I, Mary J. Anderson, whose husband is a nonresident of the state of Alabama, and has abandoned her, do hereby grant, bargain, sell," etc. The deed appears to have been executed on the 15th day of April, 1908, and the suit was filed on the 17th day of March, 1908, and executed on the 24th day of that month.

POWELL, HAMILTON & LANE, for appellant.—The court erred in admitting the deed executed by Anderson to Rose, first, because the deed showed that it was executed by a married woman, and that the husband did not consent to or concur in such conveyance.—Sec. 4494, Code 1907. 2nd, because said title was acquired after the commencement of the suit, and there was no plea of puis darien continuance.—*Long v. Pioneer S. & L. Co.,* 42 Ala. 332. While the deed recited that the husband was a nonresident, and had abandoned her yet such recitals are not prima facie evidence of such facts, as against parties not privies to such conveyance. —*Wood v. Lake,* 62 Ala. 490; *Naugher v. Sparks,* 110 Ala. 576. The court erred in giving the affirmative charge for the defendant.—*Anniston C. L. Co. v. Edmundson,* 127 Ala. 464; *Herbert v. Hanrick,* 16 Ala. 594; *Benje v. Craig,* 21 Ala. 57; *Goodson v. Brothers,* 111 Ala. 595; *Norment v. Eureka Co.,* 98 Ala. 189; *Hughes v. Anderson,* 79 Ala. 215.

L. M. LANE, for appellee.—A nonresident married woman may convey her real property without the assent or concurrence of the husband if he be a nonresident of the state or insane or has abandoned her.— *High v. Whitfield,* 130 Ala. 444; *Collier v. Alexander,* 142 Ala. 422. The only appropriate plea in an action of ejectment is "not guilty," and under it the defend-

ant may introduce in evidence anything which will bar plaintiff's right of recovery, hence, the deed was not rendered inadmissible because dated after the commencement of the suit.—*Richardson v. Stevens,* 114 Ala. 328; *Smith v. Cox,* 115 Ala. 506; *McLendon v. Mfg. Co.,* 122 Ala. 390; *Etowah M. Co. v. Carlyle,* 127 Ala. 663; *Webb v. Reynolds,* 139 Ala. 398; *Cooly v. U. S. S. & L. Co.,* 144 Ala. 540. The court did not err in giving the affirmative charge for the defendant.—*Elyton L. Co. v. Denny,* 108 Ala. 553; *Bynum v. Jewlett,* 137 Ala. 333.

SIMPSON, J.—This is a statutory action of ejectment, by the appellant against the appellee, in which the court gave the general affirmative charge in favor of the defendant.

The first assignment of error insisted on is to the action of the court in overruling the objections of the plaintiff to the introduction of the deed executed by Mary J. Anderson to T. L. Rose, the defendant. The first objection offered to the admission of said deed was that "said deed shows that the said Mary Anderson was a married woman." It will be noticed that it is not asserted that she was a married woman, thus calling for proof as to the fact; but the objection is based entirely on the recital in the deed. While it is true that the parties to the deed are bound by the recitals therein, and others are not (*Wood v. Lake,* 62 Ala. 489, 490; *Naugher v. Sparks,* 110 Ala. 572, 576, 18 South. 45), yet the recitals do not show whether the grantor was a resident or nonresident, and the requirement for the husband to join in the wife's conveyance does not apply to nonresidents.—Code 1907, § 4494; *High v. Whitfield,* 130 Ala. 444, 30 South. 449; *Collier v. Alexander,* 142 Ala. 422, 38 South. 244.

[Mayer v. Kornegay, et al.]

The other objection, that the deed was dated after the commencement of this suit, is untenable, as, in the action of ejectment, "not guilty" is the only proper plea; and any matter of defense may be set up thereunder.—*Etowah Mining Co. v. Doe ex dem. Carlisle*, 127 Ala. 663, 668, 29 South. 7; *Richardson v. Stephens*, 114 Ala. 238, 242, 21 South. 949; *Cooley v. U. S. Savings & Loan Co.*, 144 Ala. 538, 540, 39 South. 515. There was no error in overruling said objection. The proof was without conflict that Mary Anderson is the legal heir of George Mims.

There was no evidence which would justify the jury in finding that the plaintiff, or her mother, was in open, notorious, and continuous adverse possession of the lot in question for 10 years. The evidence adduced was wanting in description of the character of the possession, and as to its continuousness.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J. and MCCLELLAN and MAYFIELD, JJ., concur.