(88 South. 643)

MOORE v. McALLISTER. (7 Div. 89.)

(Supreme Court of Alabama. April 14, 1921.)

1. Mortgages ⬤═131—Of "all other real property or interest in real property" owned by mortgagee in certain county does not cover after-acquired land or interest.

A mortgage, dated more than a year and six months before the mortgagor purchased and received deed to timber on land in controversy, and conveying "all other real property or interest in real property owned by" the mortgagor in the county where such land was situated, did not convey the timber, as it did not convey after-acquired land or interest in land in that county.

2. Mortgages ⬤═378 — Where mortgage conveyed no title, its foreclosure and deed passed no title.

Where mortgage conveyed no title to timber, the foreclosure thereof and deed after foreclosure conveyed no interest in the timber to a purchaser at the foreclosure.

3. Quieting title ⬤═37(1) — Defendant, claiming only partial interest, must allege sources thereof.

In action to quiet title, where defendant did not claim an interest in the whole of the lands, but only to own certain trees or timber thereon, he was required by Code 1907, § 5445, to specify also by his answer "the manner in which and the sources through which such title, claim or interest * * * is claimed to be derived and created."

4. Evidence ⬤═383(7) — Recitals in deed not conclusive upon strangers to it.

Recitals in a deed are binding on parties to it, but not on strangers, persons not parties or privies to it; so that, where defendant in suit to quiet title claimed under a quitclaim deed of "all timber owned by W. on said land" on a certain date, which deed recited that W. was dead, and that one of the grantors, naming her, was his widow, and the other grantors, naming them, who signed the deed, were W.'s sole surviving heirs, these recitals could not dispense with the necessity of making legal proof thereof; proper objection being made by complainant.

5. Appeal and error ⬤═500(3)—Deed held in evidence where no ruling appeared on objection to introduction.

Where no ruling of the trial court appeared on objection of complainant appellee in suit to quiet title that there was no proof that the signers of a quitclaim deed were the widow and heirs of the former owner, as recited in the deed, and the deed was noted as part of the evidence of defendant by the register, and it was considered by the court, the deed was in evidence.

6. Appeal and error ⬤═878(3) — Introduction of deed admitted in evidence over objection of appellee not before appellate court.

Where complainant objected to introduction of deed in evidence in suit to quiet title, but he was the successful party, and defendant appealed, question of introduction of deed is not before the appellate court.

7. Logs and logging ⬤═3(14)—Timber not cut in time specified for removal by grantee belonged to grantee.

Where deed conveyed title to timber over a certain diameter at the date of the deed, the grantee being allowed 5 years from that date to cut and remove it, if the grantee did not cut and remove all of it within that time, what remained would still belong to him or his assigns or heirs, or to their grantees.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Bill by George A. McAllister against J. D. Moore, individually and as Trustee to quiet title to certain lands. From a decree granting the relief prayed, respondent appeals. Affirmed.

M. M. & Victor H. Smith, of Pell City, for appellant.

It is settled in this state that a conveyance of standing timber is a transmission of an interest in the land supporting it. 154 Ala. 660, 46 South. 289. The legal title to the timber is in the grantee and he may remove after the time limit. 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58. The complainant, having alleged ownership, had the burden of proving it. 176 Ala. 72, 57 South. 488. The complainant had no such possession as entitled him to relief. 145 Ala. 244, 39 South. 578; 144 Ala. 408, 39 South. 46; 142 Ala. 486, 38 South. 242; 142 Ala. 490, 39 South. 162; 182 Ala. 309, 62 South. 691. The allegation that complainant was in open, notorious, and adverse possession is not sufficient. 170 Ala. 324, 54 South. 114; section 5443, Code 1907.

J. Wylie Logan, of Birmingham, for appellee.

Appellant failed to produce evidence supporting his title as set up, and is therefore not entitled to a decree. Section 5445, Code 1907; 124 Ala. 109, 27 South. 506; 155 Ala. 613, 47 South. 78; 180 Ala. 231, 60 South. 823. The deed from Tharpe to Watkins is void for uncertainty. 13 Cyc. 606; 137 Ala. 401, 34 South. 372; 18 S. E. 72.

MILLER, J. This is a bill by George A. McAllister to quiet title to land under section 5443 of the Code of 1907. The bill describes the land, and its allegations follow the requirements of section 5444 of the Code of 1907. Its sufficiency is not questioned by demurrer.

John Moore, individually and as trustee, is made defendant. Individually he disclaims any interest in, title to, or incumbrance on the land. As trustee he denies that complainant was in peaceable possession of the land when suit was commenced, and denies complainant's ownership of the land, but afterwards in the answer admits that complainant is the owner of the land, except as to all timber thereon 10 inches in diameter and upwards at the stump, which he claims is his property.

The answer of the defendant claims title to the trees 10 inches in diameter and up at the stump on the land, from the following sources: (1) Deed from W. H. Tharpe to B. O. Watkins, dated December 8, 1906, and duly recorded on January 7, 1907; (2) a mortgage deed by B. O. Watkins to the Title Guarantee, Loan & Trust Company dated July 1, 1909, and duly recorded July 14, 1909; and

(3) foreclosure deed made by Title Guarantee, Loan & Trust Company after foreclosing said mortgage, to John D. Moore, as trustee, the purchaser dated February 27, 1912, and duly recorded December 6, 1912.

This was the source of title claimed to the timber on the land by respondent in his answer. It was agreed by the parties in open court that the common source of title was from W. H. Tharpe. W. H. Tharpe and wife conveyed this land to M. N. George by deed, dated June 16, 1911, and duly recorded July 10, 1911. It contained no exception or reservation as to timber. M. N. George and wife conveyed the land to George A. McAllister, the complainant, by deed dated October 1, 1912. It contained no exception or reservation as to timber. Under this deed complainant went into possession of the land, and afterwards made contract for cutting of timber thereon with J. T. Bradshaw. Bradshaw was cutting the timber on the land. He testified that he purchased it from J. D. Moore, but also testified that he was cutting the timber by contract with the complainant; that after he bought the timber on this land from J. D. Moore he made contract with complainant to cut this timber on the land, and was in possession of the timber cutting it. The evidence for complainant showed that he, through his tenant, was in actual possession of some of this land, cultivating it.

The respondent's evidence showed deed from W. H. Tharpe to B. O. Watkins dated December 8, 1906, recorded January 7, 1907. It conveys the following described timber on the land: "all timber ten 10″ and up at the stump" on said land; and "said Watkins shall have five years in which to cut said timber." The intent and purpose of this deed is to convey all timber on said land that was ten inches and up in diameter at stump on December 8, 1906, the date of the deed to B. O. Watkins, and to "allow him five years from that date to cut and remove it."

[1] The respondent then introduced a mortgage deed of B. O. Watkins and wife to Title Guarantee, Loan & Trust Company. It is dated June 29, 1905. This is more than one year and six months before Watkins purchased and received the deed to timber on the land in question. This mortgage does not describe the land or the timber. It conveys "all other real property or interest in real property owned by B. O. Watkins in St. Clair county, Alabama."

[2] This does not convey this timber, for B. O. Watkins had not purchased it. The deed had not been executed to him. The mortgage conveyed what land and timber he then owned in St. Clair county, Ala., but did not convey after-acquired land or interest in land in that county. Clements v. Faull & Co., 181 Ala. 219, 61 South. 264; Corpus Juris, vol. 18, § 267, p. 292. As the mortgage conveyed no title to the timber, its foreclosure

and deed after foreclosure conveyed no interest in the timber to defendant.

[3] The defendant in this case does not claim an interest in the whole of the lands. He simply claims in his answer to own the trees on the land now that were "ten inches in diameter and up at the stump" on the 8th day of December, 1906, the date of deed of W. H. Tharpe to B. O. Watkins. When the answer shows this, then the law requires the defendant to specify also by his answer "the manner in which and the sources through such title, claim or interest * * * is claimed to be derived and created." Section 5445, Code 1907; Dickinson v. Harris, 155 Ala. 613, 47 South. 78; Stacey v. Jones, 180 Ala. 231, 60 South. 823.

The defendant in his answer specifies the source through which he claims title to the timber. The proof does not correspond with his allegations. In his answer he claims title to the trees through purchase at foreclosure sale under a mortgage executed by B. O. Watkins to the Title Guarantee, Loan & Trust Company. In this he fails. He secures no title to the timber from that source. This mortgage introduced in evidence does not describe and convey the timber on the land as hereinbefore shown. The defendant then offers in evidence deed signed by Mrs. J. C. Watkins and others to John D. Moore as trustee. It is dated June 17, 1919, six months after the bill of complaint in this cause was filed. It quitclaims and conveys "all timber owned by B. O. Watkins on said land on 1st day of July, 1909." This quitclaim deed recites that B. O. Watkins is dead, and that Mrs. J. C. Watkins, one of the grantors, is his widow, and that the other grantors, naming them, who sign the deed, are the sole surviving heirs of said B. O. Watkins, deceased.

[4-6] These recitals in the deed are binding on the parties to it; but not on strangers, persons not parties or privies to it. These recitals as to death of B. O. Watkins and the name of his widow and names of his heirs cannot dispense with the necessity of making legal proof thereof, when proper objection is made by complainant. Complainant by objection raised the question. We find no ruling of the court on it. The deed is noted as part of the evidence of defendant by the register. It was considered by the court. The record discloses no other evidence that we can find as to the name of the widow and the names of the heirs of B. O. Watkins. The complainant won in court below; so the question as to its introduction is not properly before us. The deed is in evidence. Watkins v. Smith, 91 Tex. 589, 45 S. W. 560; Stockley v. Cissna, 119 Fed. 812, 56 C. C. A. 324; Costello v. Burke, 63 Iowa, 361, 19 N. W. 247; Hughes v. Rose, 163 Ala. 368, 50 South. 899.

[7] The legal title to the timber on this land, over 10 inches in diameter at the stump on December 8, 1906, belonged to B. O. Watkins under deed conveying it to him on that date by W. H. Tharpe and wife. He had five years to cut and remove it. If he did not cut and remove all of it within that time, what remained would still belong to him or his assigns or his heirs, or to defendant, if Watkins was dead, and his widow and all of his heirs conveyed it to the defendant, as evidenced by the deed in this cause. Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58.

The legal title to all timber on the land under 10 inches in diameter at the stump on the 8th of December, 1906, belongs to complainant under his deeds.

The undisputed evidence shows that B. O. Watkins "cut over" this land between the 8th of December, 1906, and December 8, 1911. There was evidence that Watkins said he had "cut all he wanted," and that Tharpe (the owner of the land) "could now go ahead and clear it." The evidence is in sharp and irreconcilable conflict as to whether Watkins cut or had cut off of this land all trees that were 10 inches and over in diameter at the stump on December 8, 1906.

Some witnesses were examined by interrogatories, and their depositions are in the record. Some were examined in open court, and the presiding judge heard their testimony and saw their demeanor on the stand; and their testimony is in the cause.

The court decreed:

"Complainant was entitled to relief prayed for in his bill, and that J. D. Moore, individually or as trustee, had no right, title, interest, or incumbrance on the land, or to any part thereof."

After reading the testimony, we are convinced the court reached a correct conclusion, and its decree should not be disturbed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.