(90 South. 287)

# HANBY v. DOMINICK. (2 Div. 740.)

(Supreme Court of Alabama. Oct. 27, 1921.)

**1. Logs and logging ⊕⇒3(14)—Grantee of timber is owner, and remains such notwithstanding expiration of time for removal.**

One to whom timber is conveyed by deed is the owner of the timber, and remains the owner notwithstanding the expiration of the time limit for the removal thereof from the land.

**2. Logs and logging ⊕⇒3(5)—Instrument extending time for removing timber not within recording statute.**

An agreement between an owner of land and one owning the timber thereon under a deed, extending the time for its removal, was not a conveyance or such an instrument as is embraced within the recording statutes, but merely had the effect to relieve the owner of the timber from being held responsible as a trespasser in entering on the lands to remove the timber.

**3. Estoppel ⊕⇒78(3) — Owner of land estopped to set up extension agreement prohibiting transfer as against transferee relying on later agreement.**

Where an owner of land, subject to a conveyance of the timber, executed an instrument extending the time for removing the timber, but providing that the extension was given to the then owner of the timber individually and was not transferable, but subsequently executed another instrument, extending the time and containing no such restriction, he was estopped to set up the first agreement as against a transferee of the timber who had notice of the second agreement, but not of the first.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action by James M. Hanby against W. J. Dominick for damages for trespass to land by cutting timber therefrom. Judgment for the defendant, and plaintiff appeals. Affirmed.

Appellant sued appellee to recover damages for trespass on a certain tract of land situated in Bibb county described in the complaint, alleged to be the property of the plaintiff and for cutting the timber thereon. The court gave the general affirmative charge with hypothesis for the defendant, and from the judgment following the plaintiff prosecutes this appeal.

It is without dispute that the plaintiff showed a good title in him to the lands described, but his title was subject to a prior deed, conveying certain timber on the land to one U. S. Hodges. Plaintiff's deed was executed in November, 1915, and at the time of his purchase Hodges' deed to the timber, which was duly and regularly executed, was on record in Bibb county. Under the provi-

sions of the timber deed the time for cutting the timber expired March 1, 1918. All rights of Hodges passed by mesne conveyances to defendant Dominick on February 26, 1916. The following memorandum agreement was entered into, but never recorded:

"Memorandum Agreement Between J. M. Hanby and U. S. Hodges.

"It is agreed that I, James M. Hanby, extend three years from the date of this memorandum of agreement to U. S. Hodges to cut and remove all the timber formerly held by E. L. Hatter, which timber right was conveyed from said Hatter to said Hodges.

"It is further agreed that the said Hodges is to cut and remove all timber as expediently as possible. This extension is given to U. S. Hodges individually, and is not transferable, and shall become null and void in case said timber rights are transferred by him.

"Witness our hands and seals, this the 26th day of February, 1916.

"[Signed] J. M. Hanby.
"U. S. Hodges."

The entry upon the lands and the cutting of the timber by the defendant was after March 1, 1918, and prior to March 1, 1920. There was offered in evidence by the defendant written agreement between Hodges and plaintiff in the following language, which agreement was duly executed by the parties and acknowledged before an officer, was filed for record in the probate office of Bibb county, and was on record when the defendant bought the timber:

"Know all men by these presents: That whereas the undersigned, James M. Hanby, did heretofore grant and sell unto U. S. Hodges the right to cut and remove all timber 10 inches and above at a point 16 inches from the ground upon the following described lands situated in Bibb county, Alabama, to wit: The west half of the northeast quarter and the northeast quarter of the northeast quarter of section 17, township 21, range 5 west; and the south half of section, and the east half of the northeast quarter and northeast quarter of the northwest quarter of section 18, township 21, range 5 west; and the east half of section and the east half of the west half of the section, and the southwest quarter of the southwest quarter of section 24, township 21, range 6 west, formerly known as the J. W. Miller and E. Lyle Hatter timber. And whereas, the said U. S. Hodges desires an extension of the time within which he is to cut and remove said timber, which extension is agreeable to the said James M. Hanby: "Now, therefore, in and for consideration of the sum of four hundred dollars in cash in hand paid by U. S. Hodges to the said James M. Hanby, the receipt whereof is hereby acknowledged, I, the said James M. Hanby, do hereby agree that the time for the cutting and removal of said timber from said mentioned land shall be and the same is hereby extended until the 1st day of March, 1920, at which time the rights of the said Hodges shall end and expire. Said Hodges shall have sixty days after the above date within which to remove all timber, machinery and buildings, after which date all such right shall be lost. And as a further consideration for this extension the said U. S. Hodges does agree that said timber is to be cut cleanly upon each forty-acre tract as he goes along with the cutting, and that the surface of each forty-acre tract is to be released to said James M. Hanby, as fast as the timber is removed therefrom.

"In witness whereof, we have hereunto set our hands and seals, on this, the 27th day of April, 1918.

"[Signed] James M. Hanby. [Seal.]
"U. S. Hodges. [Seal.]"

It is without dispute that the defendant had no notice of any kind of the contract between plaintiff and Hodges of the 26th of February, 1916, above set out, when he purchased the timber, and that he was in fact a bona fide purchaser of said timber.

J. F. Thompson, of Centerville, and Vassar L. Allen, of Birmingham, for appellant.

Counsel insists that the court erred in directing a verdict for the defendant, but they cite no authority in support of their contention.

R. H. Wright, of Tuscaloosa, for appellee.

The court properly directed a verdict for the defendant. Section 3383, Code 1907; 173 Ala. 368, 56 South. 224; 64 Ala. 187; 140 Ala. 378, 37 South. 275, 1 Ann. Cas. 319; 160 Ala. 276, 49 South. 312; 180 Ala. 416, 61 South. 341; 13 Cyc. 687–689.

GARDNER, J. This is a suit to recover damages for trespass to lands, the only damages claimed being the cutting of certain timber thereon. The plaintiff purchased the land subject to a prior conveyance of the timber to one Hodges, of which he had notice, and which was of record. The time for the removal of the timber under the Hodges conveyance expired on March 1, 1918, and plaintiff entered into a memorandum agreement with said Hodges for an extension of said time of three years from the date of the 'agreement. This memorandum will appear in the statement of the case, and discloses that it was given to Hodges individually, and not transferable. It expresses no consideration, and the evidence does not disclose that any was paid. This memorandum was not recorded. Subsequently, and on April 22, 1918, another contract was entered into between plaintiff and Hodges, which likewise appears in the statement of the case, granting a further extension of time for the removal of the timber, this latter agreement expressing a consideration of $400, and is without reference to a former contract. This agreement was on record at the time defendant purchased.

Counsel for the respective parties have laid

much stress upon the fact that the contract of 1916 was not recorded and the effect of our recordation statute upon the result of this cause. We are of the opinion, however, that the case may be disposed of without reference to this particular insistence.

[1] Under the decision of this court Hodges was the owner of the timber, and remained the owner notwithstanding the expiration of the time limit for the removal thereof from the land. Long v. Nadawah Lumber Co., 202 Ala. 523, 81 South. 25; Goodson v. Stewart, 154 Ala. 660, 46 South. 239; Ward v. Moore, 180 Ala. 403, 61 South. 303; Zimmerman v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58.

[2, 3] The effect therefore of the expiration of the time limit under the foregoing authorities was to constitute the owner of the timber a trespasser in entering upon the lands for the removal thereof. An agreement to extend this time was not a conveyance or such an instrument as is embraced within the recordation statutes, but merely had the effect to relieve the owner of the timber from being held responsible as a trespasser. The plaintiff in the execution of the latter contract made no reference to any limitation upon the rights of Hodges set forth in the former agreement, and by the execution and delivery to Hodges of this latter contract indicated that there were no limitations except those expressed therein. A man of ordinary business prudence would have been justified in construing the agreement of 1918 as covering the entire contract between the parties. The plaintiff, having armed the owner of the timber with such an agreement, full and complete within itself, without limitations and restrictions so far as the question here involved is concerned, cannot now be heard to say that there was a previous agreement between the parties which restricted the removal to Hodges individually, and denied the right of alienation—this upon the principle of equitable estoppel. Pratt v. Nixon, 91 Ala. 192, 8 South. 751; Jasper Trust Co. v. K. C., M. & B. R. R. Co., 99 Ala. 416, 14 South. 546, 42 Am. St. Rep. 75; Hughes v. Rose, 163 Ala. 368, 50 South. 899; 3 Mayf. Dig. 416–9.

The defendant acted in perfect good faith. He had notice of the latter agreement, but not of the former. It is without dispute that he acquired Hodges' rights, and we are of the opinion that the court correctly held that he was entitled to the affirmative charge. Other questions argued or reasons advanced need not be considered.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.