(117 So. 299)

**ADAMS v. POLLAK et al. (6 Div. 904.)**

Supreme Court of Alabama. June 7, 1928.

1. **Quieting title** &#9109;&#8594;37(1)—**Defendant claiming title must specifically avow extent, character, and source thereof (Code 1923, §§ 9906, 9907).**

In suit to quiet title, defendant claiming title must, under Code 1923, §§ 9906, 9907, specifically avow in his answer the extent, character, and source of title claimed.

2. **Quieting title** &#9109;&#8594;43—**Defendant held not entitled to prove that one through whom she claimed title was innocent purchaser without notice of prior trust deed to person in complainant's chain of title, where she did not so plead (Code 1923, §§ 9906, 9907).**

Defendant held, because of Code 1923, §§ 9906, 9907, not entitled to prove that one through whom she claimed title was an innocent purchaser without notice of prior trust deed to person in complainant's chain of title, where she did not so plead.

3. **Vendor and purchaser** &#9109;&#8594;224—**Deed which was in effect but quitclaim held to have put defendant on notice of complainant's prior title, though unrecorded.**

In action to quiet title, wherein defense was that person in chain of defendant's title was purchaser for value without notice because person in chain of plaintiff's title had not recorded trust deed given prior to giving of trust deed to person in defendant's chain of title, held, that deed to one in defendant's chain of title which was, in effect, but a quitclaim deed, put defendant on notice of complainant's prior title, though such prior title was unrecorded.

Appeal from Circuit Court, Marion County; Ernest Lacy, Judge.

Bill to quiet title by Helene Pollak and others against Mrs. V. J. Adams, and cross-bill by defendant. From a decree for complainants, defendant appeals. Affirmed.

Williams & Chenault, of Russellville, for appellant.

Appellant has the legal title to the land, and appellees are mere trespassers. The acts of appellees and those through whom they claim are not sufficient to constitute adverse possession. Code 1923, §§ 5662, 6860; Reddick v. Long, 124 Ala. 260, 27 So. 402; Bynum v. Hewlett, 137 Ala. 333, 34 So. 391; Gunn v. Parsons, 213 Ala. 217, 104 So. 390; Dickinson v. Harris, 155 Ala. 613, 47 So. 78; Moore v. Swift, 29 Tex. Civ. App. 51, 67 S. W. 1065; Baylor v. Scottish, etc., Co., (C. C. A.) 66 F. 631.

K. V. Fite, of Hamilton, for appellees.

The deed from Haney to Adams, trustee, is nothing more than a quitclaim deed, and does not prevail over the prior deed of Haney to Dimmick, and the grantee could not be a purchaser for value. 18 C. J. 156; Derrick v.

Brown, 66 Ala. 162; Vary v. Smith, 162 Ala. 457, 60 So. 187; Wood v. Holly Mfg. Co., 100 Ala. 326, 13 So. 948, 46 Am. St. Rep. 56; McMillan v. Rushing, 80 Ala. 407; Smith v. Perry, 56 Ala. 266. Where one is in possession of lands, the purchaser of such lands is charged with an implied notice of the nature of his title. Gamble v. Black Warrior Co., 172 Ala. 669, 55 So. 190; Alexander v. Fountain, 195 Ala. 3, 70 So. 669.

BROWN, J. This bill was filed by the appellees against the appellant to quiet title to certain real estate—mineral rights—in lands situated in Marion county, and, following the prescription of the statute, it describes the land, alleges the possession and ownership of the complainants, and that the defendant claims, or is reputed to claim, some right, title, or interest in, or incumbrance upon, such land, and calls upon her "to set forth and specify her title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created." Code of 1923, § 9906.

The defendant answered, denying in general terms the complainants' ownership and possession, and her answer avers that—

"This respondent claims said real estate through and by virtue of a certain mortgage or trust deed executed by W. H. Haney for M. A. Haney to W. T. Adams Machine Company as a beneficiary, with R. T. Adams as trustee therein, which was executed December 14, 1888, and conveyed the lands herein described. Also this respondent claims the title through the foreclosure deed of R. L. Young as trustee to W. T. Adams, which said deed is dated December 20, 1893; and respondent further claims said title through conveyance from W. T. Adams Machine Company on to and into this respondent."

The respondent made her answer a cross-bill to quiet the title, and called on the complainants to set forth and specify their title.

The complainants answered to the cross-bill asserting title from Wm. R. Haney and wife to J. W. Dimmick, as trustee, dated February 15, 1887, and through mesne conveyances to their ancestor Ignatius Pollak. Also under a deed of the register of the circuit court, and under tax title.

The evidence shows that Wm. R. Haney entered the land, the mineral rights to which is the subject of this controversy, as a homestead; that he made his final proof and received the final certificate evidencing such entry on May 28, 1886, and on the 31st day of December, 1889, he received a patent from the government conveying to him the fee-simple title thereto. Both parties claim through Haney, as the common source of their respective titles.

On February 15, 1887, Haney and wife conveyed to Dimmick, trustee, by warranty deed, duly acknowledged and delivered. This deed is the first link in complainants' title,

217 ALA.—44

and was not filed for record until the 20th day of March, 1889.

On December 14, 1888, Haney and wife executed to W. T. Adams, as trustee for the W. T. Adams Machine Company, a trust deed, to secure an indebtedness of $1,200, without covenant of warranty, with granting clause in the following language:

"That the first party for the consideration hereinafter stated and the sum of one dollar to in hand paid, the receipt whereof is hereby acknowledged, has granted, bargained, sold and conveyed, and by these presents, so grant, bargain, sell and convey to the said second party, his successor or successors, and their assigns, all the right, title, claim or interest of said parties of the first part in and to the following property, to wit: (Description of personal property omitted.) Also one hundred and sixty acres of land (160) bounded or described as follows: South half of southwest quarter and southwest quarter of southeast quarter section twenty-five and northwest quarter of northeast quarter section 36, township 11, range 12, containing 160 acres more or less, lying in Marion county, state of Alabama. Said machinery is also located in Marion county, state of Alabama, and is the only machinery of this description now owned or in possession of the party of the first part. To have and to hold the said property, together with all appurtenances thereto belonging, and also the improvements that may be afterwards attached or added thereto."

Appellant's contention is that the deed from Haney and wife to Dimmick, trustee, not being of record at the time of the accrual of the rights of the W. T. Adams Machine Company, under the trust deed, it was an innocent purchaser without notice, and under the provisions of the statute, then in force, the deed to Dimmick, trustee, was void, and the title conveyed by the trust deed to W. T. Adams as trustee for the W. T. Adams Machine Company carried the superior title. Code of 1886, §§ 1810, 1811.

This contention is not well grounded for two reasons:

First, the statute required the respondent in her answer to "specify and set forth the title, claim, interest, or incumbrance so claimed * * * and the manner in which, and the sources through which such title, claim, interest, or incumbrance is claimed to be derived and created." Code of 1923, § 9907.

[1] This statute, as uniformly construed, "requires specific avowal of the extent, character and source" of the respondent's title in the answer. Kinney v. Steiner Bros., 149 Ala. 104, 43 So. 25; Moore v. McAllister, 205 Ala. 512, 88 So. 643; Dickinson v. Harris, 155 Ala. 613, 47 So. 78.

[2] It not appearing on the face of the bill that the respondent was an innocent purchaser without notice, it was incumbent on the defendant to plead this fact in her answer. Hodnett v. Howle et al., 207 Ala. 39, 91 So. 604; McKee v. West, 141 Ala. 531, 37 So. 740, 109 Am. St. Rep. 54.

Therefore, leaving out of view the averment of the respondent's answer that the respondent claimed said real estate "through and by virtue of a certain mortgage or trust deed executed by W. H: Haney for M. A. Haney to W. T. Adams Machine Company as beneficiary, with W. T. Adams as trustee therein," and the failure of the proof to conform to these averments, the respondent was not entitled to assert that the W. T. Adams Machine Company, through whom she claimed, was an innocent purchaser without notice.

[3] The second reason is that the trust deed under which the respondent claims purports to convey only the "right, title, claim or interest" the grantees had in the property at the time of its execution, and is in legal effect a mere quitclaim, and the grantee or beneficiary therein and those claiming through said trust deed were put on notice of the defect in the grantor's title. Vary v. Smith et al., 162 Ala. 457, 50 So. 187; Derrick v. Brown, 66 Ala. 162; Reynolds v. Shaver, 59 Ark. 299, 27 S. W. 78, 43 Am. St. Rep. 36; 18 C. J. 156, § 32.

The only defect in complainants' title, so far as appears, was that resulting from the failure to file the deed from Wm. Haney and wife to Dimmick, trustee, before the accrual of the rights of the W. T. Adams Machine Company, under the trust deed, and this, as we have shown, under the pleadings and proof, did not affect the asserted title of the complainant.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.