JOHN TUMBLIN *vs.* THE AMERICAN INSURANCE COMPANY.

Middlesex.    April 5, 6, 1962. — May 8, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Insurance,* Theft insurance.

An indorsement attached to an insurance policy extending it to cover "the peril of theft" must be read with another indorsement limiting the coverage for theft of property from a completely locked, unattended vehicle to theft "directly resulting from violent forcible entry into" the vehicle. [319, 320]

A policy of insurance against theft of property from an unattended vehicle "only when directly resulting from violent forcible entry into" the vehicle at a time when its doors and other openings were closed and locked did not cover a loss of property stored in a completely locked utility trailer which was discovered to be missing, even if the trailer was stolen. [319–320]

CONTRACT. Writ in the First District Court of Eastern Middlesex dated May 18, 1960.

There was a finding for the plaintiff by *Loschi, J.* The Appellate Division ordered judgment for the defendant and the plaintiff appealed.

*Elihu Pearlman,* for the plaintiff.

*Charles S. Walkup, Jr.,* for the defendant.

WHITTEMORE, J. The plaintiff had a finding in the District Court for the loss by theft of electrical equipment, tools, and stock stored in a utility trailer. The policy on which the action was brought was issued by the defendant to cover loss of such property, so located, by fire and certain other risks. On October 8, 1959, two indorsements were added reading, (1) "This policy is extended to cover against the peril of theft, it being agreed, however, that from the adjusted amount of each loss caused by this peril, the sum of $25.00 shall be deducted." (2) "Locked car warranty This policy covers against theft from unattended vehicle only when directly resulting from violent forcible entry into vehicles equipped with bodies of entirely closed construction, provided the doors and other openings of such vehicles were closed and locked when the forcible entry and theft occurred. It is agreed, however, that this company shall not be liable for loss or damage by theft by any person or persons in the assured's service or employment, whether the theft occurred during the hours of such service or employment or not." A later paragraph of the policy provided: "This policy does not insure . . . c. while the property insured hereunder is located: (a) in or on the premises of the insured, or (b) in any garage or other building where any vehicle herein described is usually kept."

There was evidence, inter alia, as follows: the plaintiff owned premises at 302 Main Street, Everett, with a rear door which gave access to a yard behind his premises which he did not own; in 1960 he was in the course of moving to that location from his former place of business; the trailer had been parked on the unowned land near the rear door for two weeks prior to April 11, 1960; it was completely locked; on April 11, 1960, the plaintiff noticed that the trailer was missing and reported the loss; he had six em-

ployees all of whom had keys that could "open the doors into the compartments where his tools and supplies were kept"; the owner of the yard where the trailer had been parked had never given the plaintiff permission to park his trailer there but did not object to his doing so. The judge found, inter alia, that the plaintiff's insured property was stolen, that the theft did not occur on premises of the plaintiff but did occur by reason of a "violent forcible entry" and that it was not perpetrated by employees.

The defendant claimed a report from a denial of certain requests and the Appellate Division ruled that No. 3 should have been given: "The plaintiff cannot recover . . . because it does not appear that a theft of the plaintiff's property occurred by reason of 'violent forcible entry' into the vehicle alleged to have been stolen."

The ruling of the Appellate Division was right. The burden was on the plaintiff to prove that the loss was within the description of the risks covered. The two indorsements, although on separate sheets, are to be read together. See *Muchnick* v. *Bay State Harness Horse Racing & Breeding Assn. Inc.* 341 Mass. 578, 582–583. So read they "fully, completely and definitely fix the extent of the coverage." *Murray* v. *Continental Ins. Co.* 313 Mass. 557, 561. *Shulkin* v. *Travelers Indem. Co.* 267 Mass. 160, 161. *Shattuck & Jones, Inc.* v. *Travelers Indem. Co.* 323 Mass. 146. The policy did not purport to cover loss of contents through theft of the trailer. It covered loss through forcible entry into the trailer while it was away from its garage or the plaintiff's premises and locked. The likelihood that one who stole the trailer would break into it to get the contents does not help the plaintiff to prove that his loss is within the terms of the policy.

The decision of the Appellate Division ordering judgment for the defendant is affirmed. This is the opinion of a majority of the court.

*So ordered.*