188 So.2d 598

**Theo WELCH et ux.**

**v.**

**Gordon D. EDGAR et ux.**

**4 Div. 545.**

Court of Appeals of Alabama.

June 21, 1966.

Jas. M. Prestwood, Andalusia, for appellants.

W. H. Baldwin, Andalusia, for appellees.

JOHNSON, Judge.

A suit for the breach of a warranty against incumbrances was filed by appellee in the Circuit Court of Covington County, Alabama, and a verdict and judgment of $340.77 was rendered for appellee on April 27, 1965.

Appellee reached an agreement with Mr. A. M. Bullard for the purchase of two lots within the City of Andalusia. Mr. Bullard, the intended grantor, carried the deeds for the two lots to appellee. The deeds named only the appellants as the grantors. Previous to this agreement between appellee and Mr. Bullard, Mr. Bullard had purchased the lots from appellants. At the time the transaction was to be closed between appellee and Mr. Bullard, Mr. Bullard was unable to find his deeds. The deeds from appellants to Mr. Bullard had not been recorded.

Appellant Theo Welch admitted signing the deeds naming appellees as grantees. However, appellants state that appellants had never talked to appellees about selling a lot nor had they ever sold appellees a lot. Appellant Theo Welch testified to the following reason as to why Mr. Bullard stated that he wanted appellants to sign the deeds:

" * * he said he never had recorded his deed that I had give him and to save a lot of red tape just go ahead and make the deed direct from us to him.

His not being on record it would save a lot of deed making and so on, etc."

Two deeds were introduced into evidence. Each deed described separate lots. Each deed names Theo Welch and wife, Myrtle Ruth Welch, as grantors and Gordon D. Edgar and wife, Elaine Edgar, as grantees. Each deed recites a consideration of three hundred dollars receipt of which is acknowledged. Appellees paid the consideration to Mr. Bullard when the deeds were delivered to appellees. The estate purported to be conveyed is a fee simple. Each deed contained a covenant of right to convey and against incumbrances.

It was stipulated by the parties that on the date appellants executed deeds to the appellees covering the property described in the complaint that there was an outstanding, valid municipal paving assessment levied by the City of Andalusia, Alabama, against the property. Appellees paid $340.-77 as assessments on the lots in question.

 When the appellees rested their case a motion was made by the appellants to exclude the evidence of the appellees. This motion was overruled. In civil cases the trial court will not be reversed for refusing such a motion. Brunson v. Brunson, 278 Ala. 131, 176 So.2d 490; Snow v. Allen, 227 Ala. 615, 151 So. 468.

The evidence of appellees showed the making of a covenant against incumbrances by appellants; the breach of that covenant; and the resulting damage. This is evidence of all the elements of appellee's cause of action under each of the three counts of the complaint. This evidence must be considered in the light most favorable to plaintiff. Bankers Fire and Marine Insurance Co. v. Bukacek, 271 Ala. 182, 123 So.2d 157, 84 A.L.R.2d 672; Milford v. Tidwell, 276 Ala. 110, 159 So.2d 621.

Appellants contend that the affirmative charge with hypothesis should have been given because, (1) appellants received no consideration for the conveyance, and (2) Mr. Bullard made all the representations in reference to the lots. Each deed executed by appellants to appellees recited a consideration of three hundred dollars and its receipt was acknowledged. Each deed represented that the lots were free of incumbrances. These recitals are binding upon the appellants-grantors. Hughes v. Rose, 163 Ala. 368, 50 So. 899; Moore v. McAllister, 205 Ala. 512, 88 So. 643; Stewart v. Stewart, 171 Ala. 485, 54 So. 604; Ohmer v. Boyer, 89 Ala. 273, 7 So. 663.

Therefore, there was no error in refusing the affirmative charge with hypothesis because it is only where there is no evidence tending to establish plaintiff's case as made under the counts of the complaint that the court may direct a verdict for defendant. Pollard v. Pollard, 207 Ala. 270, 92 So. 488; McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

After having carefully considered the only two errors assigned by appellants, this cause is due to be and the same is hereby

Affirmed.