**698**

220 So.2d 869

**MICHIGAN MUTUAL LIABILITY COMPANY**

v.

**Dan O. MADISON.**

**6 Div. 342.**

Court of Appeals of Alabama.

Nov. 19, 1968.

Rehearing Denied Dec. 17, 1968.

Zeanah & Donald, Tuscaloosa, for appellant.

McQueen, Ray & Allison, Tuscaloosa, for appellee.

JOHNSON, Judge.

This case was originally assigned to Judge Cates.

In the opinion prepared by Judge Cates he reaches the conclusion that this policy should not apply as coverage because of the following exclusion:

"* * * Exclusions applicable to property away from described premises: This policy does not apply as respects this peril to loss away from the premises of: * * * (b) property while unattended in or on any automobile, * * * unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment, of which entry there are visible marks upon the exterior of said vehicle."

In our opinion, this exclusion applies only if the automobile was left unattended. Thus, it is for the jury to determine whether or not the automobile was unattended.

This question was presented to the jury by the trial court in its oral instructions wherein the court stated in part:

"Now, the Defendant in this case first claims that the property was unattended. * * * [T]he plaintiff contends that the circumstances under which it was parked were that the automobile was attended and was not left unattended.

"Now, if the Plaintiff has reasonably satisfied you from the evidence of his contention as to that, then the Plaintiff would be entitled to recover of the Defendant. * * *"

The jury in returning a verdict favorable to the appellee, plaintiff below, obviously found the car was attended.

There was testimony which established that the automobile was parked within a fenced area with gates which were manned during the time of the fair. Also, in order to drive an automobile into the fenced area one had to either pay an admission charge or have a pass.

Such evidence in my opinion would be sufficient to present to the jury the question of "attendance" vel non of the automobile.

Therefore the trial court was without error in refusing the affirmative charge. Welch v. Edgar, 43 Ala.App. 263, 188 So. 2d 598; Blue Cross-Blue Shield of Ala. v. Turner, 43 Ala.App. 542, 195 So.2d 807; Smith v. Moore, 278 Ala. 173, 176 So.2d 868.

The judgment in this cause is due to be and the same is hereby

Affirmed.

PRICE, P. J., concurs in the conclusion.

CATES, Judge (dissenting):

Michigan Mutual appeals from a judgment after verdict against it for $296.39. Madison had sued appellant on its undertaking in a home-owner's policy to indemnify him against loss, by theft, of certain personal property.

I.

About seven o'clock one evening Madison parked his car inside a fairgrounds within a fenced area. Madison had, inter alia, golf clubs, cart, bag and shoes locked in the car's trunk.

Madison left the car doors unlocked but had the keys in his pocket. About 10:30 P.M., he missed his car. Boy Scouts were directing the parking. One hundred fifty to two hundred feet away from where Madison parked his car were two cages where ticket takers stood. The automobile was still unrecovered at trial.

II.

A "homeowner's" policy is basically fire, windstorm, extended coverage, theft, and third party liability insurance in respect of occupancy of a single family residence. Since the term has come into usage there have been a number of changes in its scope. Therefore, we doubt that there can be considered to be a standard policy except as of the time and place of its being taken out.

Here the pertinent provisions of the policy between Madison and Michigan Mutual are:

"COVERAGE    C—UNSCHEDULED PERSONAL PROPERTY.

"1. On premises: This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an Insured, while on the premises, or at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.

"This coverage does not include: animals, birds, automobiles, vehicles licensed for road use and aircraft; the property of roomers or boarders not related to the Insured; articles carried or held as samples or for sale or for delivery after sale or for rental to others; and property which is separately described and specifically insured in whole or in part by this or any other insurance.

"2. Away from premises: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn or used by an Insured, * * * Property pertaining to a business is not covered.

"The limit of this Company's liability for such property while away from premises shall be an additional amount of insurance equal to 10% of the amount specified for Coverage C, but in no event less than $1,000.

\*   \*   \*   \*   \*   \*

"PERILS INSURED AGAINST

"This policy insures under Section I against direct loss to the property covered (and additional living expense resulting from such loss) by the following perils as defined and *limited* herein:

\*   \*   \*   \*   \*   \*

"11. Theft, meaning any act of stealing or attempt thereat \* \* \*

\*   \*   \*   \*   \*   \*

" \* \* \* Exclusions applicable to property away from described premises: This policy does not apply as respects this peril to loss away from the premises of: \* \* \* (b) property while unattended in or on any automobile, \* \* unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment, of which entry there are visible marks upon the exterior of said vehicle." (Emphasis added.)

While the insured's car is away from home the residence (homeowner's) policy is —not a personal property floater—rather only indemnity against loss due to a restricted risk. The contract requires, among other things, (1) visible outside marks on the car of forcible entry; and (2) into a fully enclosed and locked trunk (luggage compartment) before there is an indemnifiable loss of any property in the trunk. There is no ambiguity in the contract on this point.

Here the car has disappeared. Though we may assume a thief took it, yet it is strictly conjectural to say that the thief kept the car long enough to appropriate the contents of the trunk by a forcible entry. "Theft" is defined [1] and does not include mysterious disappearance.

Under Madison's own proof the appellant was not liable. Hence, it was error to refuse the affirmative charge. Weil v. Penna Fire Ins. Co., 58 N.J.Super. 145, 155 A.2d. 781; Henry Gorman & Son Inc. v. Am. Sur. Co. of N.Y., 99 R.I. 177, 206 A.2d 460; Cheatham v. Gen. Ins. Co. of Am., Okl., 371 P.2d 700; Abrams v. National Fire Ins. Co. (D.C.Mun.App.), 186 A.2d 232, 2 A.L.R.3d 804; and Tumblin v. Am. Ins. Co., 344 Mass. 318, 182 N.E.2d 306.

I think the premise as to the car being watched is completely untenable because the trial judge expressly retracted the language noted by my Brother Johnson. Thus at Record 75 we find:

" \* \* \* It was pointed out that I was talking about the automobile and the provision does say property while unattended in or on any automobile, the attending or unattending would be the same with respect to the property, as I have stated to you previously with respect to the automobile. In other words, if you find that under the circumstances—if you are reasonably satisfied from the evidence, that the property was attended and not unattended at the time of the loss, then the Plaintiff would be entitled to recover."

Hence, this direction became the law of the case for the jury.

If it be that my learned colleagues want to convert insurance companies into mere conduits for the redistribution of wealth, then I think that the wheel of fortune ought

---

1. The use of the verb "to mean" is less elastic than "to include." "Include" is ordinarily a word of enlargement while "mean" is one of limitation. Peerless Carbon Black Co. v. Sheppard, Tex.Civ. App. 113 S.W.2d 996.

to rotate by the law of contracts and not by the law of chance. Hinc illae lacrimae.

Once at a bar meeting a raconteur recalled a frontier town meeting. The main item on the agenda was whether or not to continue to subsidize the town's only railroad which otherwise was doomed to bankruptcy.

A lawyer rose and made the oration which saved the iron horse and its track. The gist of his argument was: "If there ain't no railroad how can we make a living suing ourselves?"

I vote to reverse.