The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Barbara TOMOR, Appellee.

No. 5817.

District of Columbia Court of Appeals.

Submitted Aug. 24, 1971.

Decided Nov. 24, 1971.

Edward J. Lopata, Washington, D. C., was on the brief for appellant.

George T. Rita and William H. Howe, Washington, D. C., were on the brief for appellee.

Before FICKLING, GALLAGHER and REILLY, Associate Judges.

GALLAGHER, Associate Judge:

After a nonjury trial, appellee obtained a judgment of $691.00 on a claim for theft of property from a car under a homeowner's insurance policy issued by appellant (Travelers). The principal question raised on appeal revolves around the interpretation of the word "unattended" in the insurance contract.

Appellee testified she parked her car one morning in the Atlantic Garage at 1900 L Street, N. W., in this city. Following her normal procedure, she left the car at the entrance with the key in the ignition and received a claim ticket for her car. She left a large suitcase on the rear seat of the car. In the suitcase were a diamond ring, articles of clothing and a hair dryer and hair curling set.

The car was parked by an attendant who, said appellee, generally parked her car on the third level of the subterranean garage. It is against the policy of the garage for anyone but authorized personnel to go into the garage beyond the entrance though patrons occasionally violate the policy and go into the garage for their own cars. When appellee returned to the garage in the evening the suitcase and its contents had been stolen from her car and she entered a claim for their value.

In relevant parts the insurance contract provided:

> Away from premises: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn, or used by an Insured. * * *
>
> *    *    *    *    *    *

PERILS INSURED AGAINST * * *

> 11. Theft, meaning any act of stealing or attempt thereat. * * *
>
> *    *    *    *    *    *

EXCLUSIONS APPLICABLE TO PROPERTY AWAY FROM DESCRIBED PREMISES: This policy does not apply as respects this peril to loss away from the premises of * * * (b) property *unattended in or on any automobile,* motorcycle or trailer, other than a public conveyance, unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment of which entry there are visible marks upon the exterior of said vehicle. (Emphasis supplied.)

Travelers rejected the claim stating that it fell within the homeowner policy exclusion of loss away from the premises of "property while unattended in or on any automobile. * * *" Appellee brought suit for the value of the property.[1]

In a memorandum opinion, the trial court stated it was resorting to the familiar rule that "ambiguities in insurance contracts are to be resolved in favor of insured plaintiff", citing Loffler v. Boston Insurance Co., D.C.Mun.App., 120 A.2d 691 (1956). It concluded that since appellee's suitcase was left on the back seat of the "bailed car" which "in turn was located within a commercial garage to which the public did not have *free access,* the suitcase was not left in her car 'unattended' within the purport of the policy." (Emphasis supplied.)

The court did not specify in its findings the precise meaning it attached to the crucial term "unattended" in the policy. Though it might have been illuminating, this being a nonjury trial, it was not necessary to do so here. The term is not a technical one and is ordinarily defined in common usage as not cared for, or unaccompanied. Webster's Third New International Dictionary 2482 (1969).

Whether under the policy the car was "unattended" was a question for the trier of the facts. Calloyan v. American Casualty Co., D.C.Mun.App., 51 A.2d 678, 680 (1947); Michigan Mutual Liability Co. v. Madison, 44 Ala.App. 698, 220 So.2d 869 (1968). We conclude that on this record there was substantial evidence to support the trial court's finding that the property was not left in the car "unattended." Though reasonable minds might differ on the finding, we are left with no firm conviction that a mistake has been committed. We will, therefore, not substitute our judgment for that of the trial court. United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 289–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960);

---

1. There is indication in the record that a separate suit against the garage is being held in abeyance pending the outcome of this appeal.

Glendening v. Glendening, D.C.App., 206 A.2d 824, 826 (1965). Being unable to say the finding is clearly erroneous (D.C.Code 1967, § 17–305(a) (Supp. IV, 1971) ), the judgment is

Affirmed.